## Gabriel Smith v. William Lock and Another.

*Sale of land bounded on a street: Right of purchaser to a way.* Where one sells to another, a village lot which is described in the deed as bounded on a certain street, the purchaser is entitled as against the seller, to have such street kept open for his accommodation in the enjoyment of his purchase.

The question in such a case is not one of dedication, but of private right, depending upon the construction of the deed of conveyance.

*Heard January 8th. Decided January 11th.*

Appeal in Chancery from St. Joseph Circuit.

SMITH *v.* LOCK·AND ANOTHER.

The bill in this cause was filed to enjoin the defendant perpetually from closing up a certain street fronting complainant's premises. The facts are stated in the opinion.

The prayer of the bill was granted.

*Wm. L. Stoughton,* for complainant.

1. This case comes under the well recognized head of equity jurisdiction. Where privileges of a public nature, and yet beneficial to private estates, are secured to proprietors contiguous to places dedicated to public uses, the due enjoyment of them will be protected against encroachments by injunction.—*2 Story's Eq. Juris.* § 927; *Corning v. Lowerre, 6 Johns. Ch. 439; Hills v. Miller, 3 Paige, 254; Trustees &c. v. Cowen, 4 Id. 510-514; Sinclair v. Comstock, Har. Ch. Mich. 404.*

2. It clearly appears that the defendant executed and acknowledged a plat of the village of Burr Oak, according to the requirements of the statute, and caused it to be duly recorded. This is sufficient to pass the title.—*1 Comp. L.* § *1133; Conner v. New Albany, 1 Blackf. 43; Com. Council &c. v. Croas, 7 Ind. 9; People v. Beaubien, 2 Doug. Mich. 256.*

3. An inspection of the plat shows that the land in question is a street. The location, width and course of Front street are clearly marked out. It is an inseparable part of the plat, and like every other street or alley its extent must be measured by its relation to it. The fact that an imaginary line is not drawn along a part of its south line, does not change its character as a street. It is sufficient if the necessary *data* are given to determine the length and breadth.—*Herrick v. Stover, 5 Wend. 581.*

It is designated on the plat as a "street." This imports a thoroughfare, not a *cul de sac*—*Holden v. Trustees of Cold Spring, 23 Barb. 103; People v. Jackson, 7 Mich. 432; Tillman v. People, 12 Id. 401.*

18 MICH.—E.

The construction claimed for the plat, is in accordance with the requirements of the statutes, and ought therefore, to be preferred. — *Broom's Legal Max. 668; 2 Pars. on Con. 500; Booth v. McNair, 14 Mich. 19.*

And it is also supported by the subsequent acts and declarations of the defendant.

4. The defendant having executed, acknowledged and recorded the plat of the village of Burr Oak, with "Front street" designated as an open street, and having sold complainant his lot with reference thereto, cannot resume and exercise acts of ownership over it, which would deprive his grantee of any privileges or benefits to be derived from having such street left open. — *Trustees of Watertown v. Cowen, 4 Paige, 510 ; Nyman v. Mayor, &c., 11 Wend. 487-501; Livingston v. Mayor, &c. 8 Id. 85 ; Newport v. Taylor, 16 B. Monroe, 803; Kennedy v. Shipley, 15 Miss. 634 ; State v. Trask, 6 Vt. 355 ; State v. Cullen, 3 Id. 530 ; Cincinnati v. White's Lessees, 6 Peters, 432 ; Sinclair v. Comstock, Har. Ch. Mich. 412 ; 2 Washb. on Real Prop. 459 ; Smiles v. Hastings, 24 Barb. 44.*

At all events an easement or right of way passed to the complainant by the terms of his grant, and we think vested in him, in common with the public [ *11 Wend. 501* ]; but whether this be so or not he is equally entitled to protection.

*J. W. Flanders*, for defendant.

A Court of Equity will not restrain a man from making a reasonable improvement on his own premises, upon the ground that it cannot be made without depreciating the value of the adjoining premises, nor upon the ground that the edifice erected upon the adjacent premises does not possess any special privileges, protecting him from the consequences of such improvement either by prescription or grant, from the person making these improvements, or from the

person under whom he claims title. — *Lasala v. Holbrook, 4 Paige, 169.*

A man is not answerable for the consequences of enjoying his own property, in the way in which said property is usually enjoyed, unless an injury results to others from the want of proper care or skill on his part. — *Radcliff's Ext'rs v. Mayor of Brooklyn, 4 Comst. 196.*

The village plat, admitted in the evidence and proofs taken in this case, establishes the fact that Front street extended no further east than Second street, and of this fact the complainant had full knowledge.

The grantee cannot take advantage of a misdescription known to him when he made the contract. — *Sug. on Vendors, p. 387, 388.*

The village of Burr Oak was laid out and the plat thereof was executed and recorded as required by law. — *1 Comp. L. Ch. XXVIII.*

It appears from the testimony of Wm. Betts, that Front street extended east to Second street; this fact appears also in the testimony of the defendant, who was one of the proprietors of the village, and helped to lay it out. No act of dedication or acceptance appears from the evidence of the land in question. — *People v. Jones, 6 Mich. 176; Tillman v. People, 12 Id. 401; People v. Beaubien, 2 Doug. Mich. 256; Cook v. Village of Hillsdale, 7 Mich. 115.*

COOLEY CH. J.

It appears by this record that Lock conveyed to Smith a lot in the village of Burr Oak, described as "commencing at the north east corner of the M. S. Railroad depot grounds in the village of Burr Oak, thence south one hundred feet, thence easterly along the line of the company's ground until it intersects the creek, thence northerly along the line of said creek until it intersects the line of Front street, thence westerly along said line of said street to the place of beginning."

Afterwards, Lock claiming that Front street did not extend along the front of this lot, sold the land on the north side of the lot up to Smith's line to Hinkley, and Hinkley thereupon proceeded to build a house upon the land so purchased. This bill was filed to obtain a perpetual injunction. 'It was not disputed that there was a street known as Front street, extending to complainant's lot on the west, and which was fifty feet in width, and which, if extended in front of the lot in question would include the erection Hinkley is making.

·Defendants appear to claim that if no street has been regularly laid out or dedicated to the public, in front of complainant's lot, this bill must be dismissed; but this is an error. The purchase of the lot described as bounded on a street,· estops the grantor from shutting it up so as to prevent his grantee making use of it for his own accommodation in the enjoyment of his purchase. It is a matter of private right, and in no way depends upon the question whether the public have acquired a right of way or not.

The decree awarding a perpetual injunction must be affirmed, with costs.

The other Justices concurred.