JOSEPH KARRER ET AL. v. JOSEPH H. BERRY ET AL.

*Injunction against closing thoroughfare—Allegation of ownership.*

An injunction bill was filed to restrain certain defendants from closing up premises which complainants claimed the right to use as a street. The bill alleged, in substance, that, in September, 1859, one R., who is also made defendant, being the owner and actual possessor of certain land, conveyed it to complainant, bounding it as on the south side of G street, which did not reach the land conveyed, but which R. expressed the intention of opening through the premises afterwards ·obstructed by defendants; that complainants had bought relying on such extension, and said R. had aided in preparing the premises for a highway; that defendants hold land on the north side of these premises under a mortgage from R., dated in December, 1859, and recognizing the proposed extension of G street; and that they had erected a small brick office which stands partly on the premises, and for the removal of which complainants ask.  *Held*, that the bill sufficiently alleges the ownership of R. and the source of the other defendants' title, to be sustained at least unless specially demurred to; and that a court of equity could require the destruction or removal of the building under the circumstances, there being no adequate remedy at law.

Appeal from Wayne.  Submitted October 5–6.  Decided October 20.

INJUNCTION.  Bill dismissed below.  Complainants appeal. Reversed and relief allowed.

*Romeyn & Romeyn* and *George Gartner* for complainants. A grantor who conveys land as bounded on a street is estopped, as are his privies, from denying the existence of the street or shutting it up: *Smith v. Lock* 18 Mich. 56; *White v. Smith* 37 Mich. 291; *G. R. & I. R. R. v. Heisel* 38 Mich. 71; Bigelow on Estoppel (2d ed.) 240; Washb. Easements (3d ed.) 240.  The street need not connect with others at both ends (*Rodgers v. Parker* 9 Gray 445), and need not have been actually constructed: *Epsley v. Wilkes* L. R. 7 Exch. 298; *Loring v. Otis* 7 Gray 563; *Thomas*

*v. Poole* id. 83; *O'Linda v. Lothrop* 21 Pick. 292; *Tufts v. Charlestown* 2 Gray 271. The right extends to all connections with public ways as far as the grantor's title reaches (*Fox v. Union Sugar Refinery* 109 Mass. 292), though in Maryland it extends only to some public way: *Hawley v. Baltimore* 33 Md. 280; *Moale v. Baltimore* 5 Md. 314; see *Ballard v. Dyson* 1 Taunt. 279. Evidence is admissible to show what street was laid out: *Reidinger v. Cleveland Iron Co.* 39 Mich. 30; *Stetson v. Dow* 16 Gray 373; *Allen v. Bates* 6 Pick. 460; *Waterman v. Johnson* 13 Pick. 261; and as to the width of the street (*Salsbury v. Andrews* 19 Pick. 253), in regard to which reference may be had to deeds under which parties hold (*Brown v. Stone* 10 Gray 61); the right extends to the full width of the street as laid out: *Farnsworth v. Taylor* 9 Gray 162; *Gerrish v. Shattuck* 128 Mass. 571: 10 Rep. 268. See as to the general principle: *In re Lewis Street* 2 Wend. 472; *Livingston v. New York* 8 Wend. 85; *In re Mercer Street* 4 Cow. 542; *Van Meter v. Hankinson* 6 Whart. 307; *Smyles v. Hastings* 22 N. Y. 217: 24 Barb. 44; *Child v. Chappell* 9 N. Y. 246; *Bissell v. N. Y. C. R. R.* 23 N. Y. 61; *Cox v. James* 45 N. Y. 557; *Taylor v. Hopper* 62 N. Y. 649; *Badeau v. Mead* 14 Barb. 328; *Hills v. Miller* 3 Paige 254; *Watertown v. Cowen* 4 Paige 510; *Wiggins v. McCleary* 49 N. Y. 346; *Lewis v. Beattie* 105 Mass. 410; *Roberts v. Karr* 1 Taunt. 495; *Harding v. Wilson* 2 B. & C. 96; *Parker v. Farmington* 8 Met. 260. Equity has jurisdiction to protect private estates from encroachments, by injunction (*Pratt v. Lewis* 39 Mich. 11, but see *Hall v. Rood* 40 Mich. 46), and it will protect easements annexed to the private estate: *Weber v. Gaye* 39 N. H. 187; *High on Inj.*, §§ 544–68; *Washb. Easements* (3d ed.) 698.

*Ward & Palmer*, *Henry M. Campbell* and *Alfred Russell* for defendants. Complainants cannot recover on a case not stated in their pleadings, or on allegations without proof or proof without allegations: *Moran v. Palmer* 13 Mich. 367; *Wright v. Dudley* 8 Mich. 115; *Connerton v. Millar*

41 Mich. 608; *Miles v. Skinner* 42 Mich. 181. A court of equity does not order finished buildings to be torn down, but remits parties to remedies at law: High on Inj. § 477; *Deere v. Guest* 1 Myl. & C. 516; *Moreland v. Richardson* 22 Beav. 604.

MARSTON, C. J. The complainants ask to be protected in their right to the use and enjoyment as a highway of a strip of land which would be the line of Guoin street in the city of Detroit if said street were extended easterly past certain premises owned by them, and to have defendants restrained from closing up as a street said strip, and that they may be required to remove a certain brick office which they have lately erected partly within the limits of said strip.

The defendants insist that the bill is silent as to whence they derive their title, and as to the ownership of the strip in controversy; that the defendants are in possession of this strip and presumably are the owners thereof, and although the evidence may show sufficient to entitle complainants to relief, yet they must fail under the familiar and well-settled law of this State which denies relief upon a case proved but not set up in the bill.

We shall therefore first look to the bill in order to ascertain what is there set forth, and in so doing we must bear in mind that the complainants do not seek relief upon the ground that this strip had ever been dedicated or opened as a public highway, but that their grantor in selling and conveying certain premises to them bounded the same on this strip as a street. Their position is that the purchase of a lot described as bounded on a street, estops the grantor and his privies from shutting it up or obstructing it, so as to prevent his grantees making use of it for their own accommodation in the enjoyment of their purchase. *Smith v. Lock* 18 Mich. 56.

Where the defendants in such a case answer claiming the benefit of a demurrer therein, the court will not require the same particularity in setting out the sources of defendants' title as might be required upon special demurrer.

The bill sets forth that George B. Russel being the owner

and actual possessor of certain lands on the 21st day of September, 1859, conveyed the same to complainants, and in the description thereof bounded them as "on the south side of Guoin street," and that this conveyance was on the day subsequent to the date thereof duly recorded. The bill sets up "that Guoin street was an open street, reaching to Adair street on the west of said premises, and said Russel, who then owned property east of Adair street, had intended and claimed his intention to open said Guoin street through the premises in question, and to the eastern bounds of the city; that he so gave out to your orators, and had a map or plat prepared, showing the proposed extension of said street, and that he sold the premises, and your orators bought them in reliance upon said street's being extended and continued as an open street; and they farther show that immediately after the purchase and taking possession of the premises which were sold to them as fronting upon said street, said Russel and they united in plowing the lands included within the boundaries of said street, if extended, throwing them up in proper shape and fitting them for the purposes of a street or highway, and said lands have always remained so, until the unauthorized intrusion," etc.

While these allegations might have easily been so framed as to allege more clearly and distinctly Russel's ownership in the disputed premises at the time he conveyed to complainants, yet under the pleadings we are of opinion that the only fair reasonable inference or conclusion to be drawn is that Russel was then the owner. The acts and sayings were those of an owner and we think the fact is sufficiently alleged.

The bill farther alleges that westerly of complainant's premises, and fronting on the northerly line of Guoin street if extended, are certain premises occupied by defendants, and being fifty feet or the width of said Guoin street distant from complainants' premises. The bill then sets forth the encroachments, and alleges that Russel, their grantor, claims that he has the premises covered by said contemplated street, and that while he acknowledges complainants' right, yet that he insists upon such title and is a necessary party defendant.

The bill farther alleges that defendants claim and pretend to have a title to said strip under a certain mortgage dated December 27, 1859, but which from the description therein recognized this extension of Guoin street and did not cover this disputed strip ; also that they claim title thereto in other ways and by subsequent conveyances claim to be owners in good faith of the premises in question.

It will thus be seen from the allegations in the bill that it sufficiently appears to entitle complainants to relief, if proved that defendants are not the owners of the disputed strip and are bound to recognize and respect complainants' right therein, in that it appears that Russel was and is the owner of this disputed strip; that defendants' premises front on the northerly side of said strip, and that they are subsequent purchasers from Russel through the mortgage referred. to. When we come to examine the evidence in the case it is clear and explicit ; indeed, no serious question was raised upon this part of the case.

It is insisted by the defendants' counsel that complainants have not sought the proper forum or remedy and that courts of chancery will not order a finished building to be torn down and destroyed but will leave the parties to seek a remedy in a court of law.

Counsel for defendants were not very successful in pointing out what proper or adequate remedy complainants would have under such a state of facts in a court of law. They are not the owners in fee of this strip : ejectment could not be maintained by them for it ; and even if they could maintain an action for damages the remedy would·be inadequate. The street or strip in question is not an open public street where the ordinary remedies for an obstruction thereof could be resorted to, but is one which these complainants as against their grantor and his privies and strangers or trespassers are entitled to have kept free and unobstructed. As to them the obstruction is a private nuisance.

While it may be true as a general rule that courts of chancery will not order the destruction of a building under ordinary circumstances, yet where a party against objection has

persisted in erecting a structure without any greater right than defendants had in this case, the court will not reward them for or assist them in profiting by the .wrong done in permitting them to enjoy the fruits of their wrongful act. To do so would indeed be an encouragement which we fear many would be willing to take advantage of. The court will rather look at all the surrounding circumstances and will not inflict unreasonable damages in ordering the removal or destruction of property, where the complainants can fairly enjoy their rights in connection therewith. In all such cases the good faith of the wrong-doer must enter very largely into and be an important factor in shaping and determining the relief to be afforded.

The structure complained of in this case is a small one-story brick office and projects into this way about twenty-five feet. It can probably be easily removed, and if not, can be torn down without causing very serious damage; of this defendants knowingly ran the risk and must now accept the consequences.

The decree below dismissing the bill will be reversed, and a decree entered in this court in accordance herewith, with costs of both courts.

The other Justices concurred.