51 21
95 550

WILLIAM F. BELL AND JOHN W. SCHERMERHORN v. ALBERT M. TODD.

*Misjoinder—Closing platted streets—Estoppel.*

Objections for misjoinder of complainants are not entitled to favor in the appellate court if not called to the attention of the court below until the case was brought to hearing on the proofs.

The rule that those who purchase by reference to a plat are entitled to the use of the streets on which the purchased premises appear to abut, and of all connecting streets, was *held* not to apply in a case where the plat was never acknowledged, nor the dedication thereby accepted, nor the streets laid out on it used, or capable of use; and where the streets were neither ways of necessity nor of convenience, and no equities were shown against closing them for the benefit of individual interests.

Estoppels arise upon equities and are enforced for their protection.

One who has purchased according to a plat and has, so far as his own premises are concerned, closed up a street which is represented on the plat as passing through them, cannot be heard to complain that a subsequent purchaser of neighboring land has closed the same street where it crosses such land.

Appeal from St. Joseph. (Pealer, J.) June 5.—June 13..

INJUNCTION against obstructing streets. Complainants'
appeal. Dismissal of bill affirmed.

*O. J. Fast* and *John B. Shipman* for complainants.
Selling a lot as bounded on a street estops the grantor, and
those claiming under him, from shutting it up so as to pre-
vent the grantee's use of it, whether it be a public street or
not; the grantee has a right to make use of it "for his
own accommodation;" there is no question of necessity
about it: *Smith v. Lock* 18 Mich. 56; *White v. Smith* 37
Mich. 291; *Karrer v. Berry* 44 Mich. 391; *Child v. Chap-
pell* 9 N. Y. 246; *Wiggins v. McCleary* 49 N. Y. 346; the
grantee's right is not limited to the boundaries of his own.
lot, but he has a right to have the way kept open to its con-
nections with all public highways as exhibited on the plat
according to which be buys, whether it be a public or a
private plat: *Oswald v. Grenet* 22 Tex. 94, 100; *Lamar v.
Clements* 49 Tex. 347; *Thomas v. Poole* 7 Gray 83; *Rod-
gers v. Parker* 9 Gray 445; *Stetson v. Dow* 16 Gray 372;
*Tobey v. Taunton* 119 Mass. 410; *Fox v. Union Sugar Re-
finery* 109 Mass. 292; *Farnsworth v. Taylor* 9 Gray 167;
*Wyman v. Mayor* 11 Wend. 487; *Pratt v. Lewis* 39 Mich.
11; *McConnell v. Rathbun* 46 Mich. 303; *Bartlett v.
Bangor* 67 Me. 466.

*D. E. Thomas, Chas. Upson* and *H. H. Riley* for de-
fendant. Platting lands into blocks and streets is but an
offer to dedicate the lands indicated as streets, and where
the public authorities do not within a reasonable time ac-
cept such offer to dedicate, the party owning the property
may again take possession and revoke his offer: *Field v.
Manchester* 32 Mich. 279; *Cass Co. Supervisors v. Banks*
44 Mich. 467; *Detroit v. D. & M. R. R. Co.* 23 Mich. 173;
*Buskirk v. Strickland* 47 Mich. 389; *White v. Smith* 37
Mich. 291; but sales of lots bounded on streets surround-
ing a public square, so marked on the plat, do not tend to
**prove** an acceptance by the public of the square as devoted

to public uses, or an estoppel in favor of the public, nor would purchasers of these lots have any individual right of entry upon or occupancy of such spaces: *Baker v. Johnston* 21 Mich. 348; and when the public has refused to accept the dedication of lands platted as for public purposes, the purchasers of lots on the plat have no right to insist that they shall be kept open as public grounds: *Sinclair v. Comstock* Har. Ch. 404; the rule is that when one sells a village lot which is described in the deed as bounded on a certain street, the purchaser is entitled as against the seller to have such street kept open, where it abuts his lot, for his accommodation in the enjoyment of his purchase: *Graham v. Poor* 50 Mich. 153; *Tapert v. Det. G. H. & M. Ry. Co.* id. 267; its purpose is that the purchaser shall have a reasonable and convenient way to a public highway, as well as the benefit of light and air: *Livingston v. Mayor* 22 Am. Dec. 622; *Underwood v. Stuyvesant* 10 Am. Dec. 215.

COOLEY, J. The purpose of the bill in this case is to enjoin the defendant from enclosing and occupying with buildings and for his private business certain parcels of land which complainants claim have been made public streets by dedication, or, if not public streets, their private ways for the enjoyment and use of complainants in connection with certain lots owned by them and which abut on one of the supposed streets or ways. The facts appear to be that one Reed, in the year 1872, being the owner of certain lands in the township of Nottowa, St. Joseph county, platted a village thereon which he named Nottowa, and caused his plat to be recorded, but without the statutory execution and acknowledgment. The Grand Rapids & Indiana Railroad ran across the land platted, and the company had a station house and side track there. West of the land of this company a street was marked on the plat which was named Railroad street. Complainant Schermerhorn bought five of the platted lots near the railroad station, all lying together, and three of them appearing to abut on Railroad street. Upon two of these lots he built a store, which a

tenant now occupies. Sturgis street crosses Railroad street at this point, and is a public highway much used. South of Sturgis street other streets were laid down on the plat crossing Railroad street in the following order: Graham street, Wallace street, William street and South street. South of the last named street were block 23 on the west and 22 on the east side of Railroad street, and these were purchased by complainant Bell. The deeds to Schermerhorn and Bell referred to the plat as a part of the description. Bell occupied his blocks for agricultural purposes. The main highway north and south is Nottowa street running parallel to Railroad street and having East street between them.

The proposed village never acquired much population and was never incorporated. Lying adjoining it and coming nearly up to Railroad street on the west is a little lake, and it seems to have occurred to defendant to build ice houses upon this lake and make a business of shipping ice by the railroad. He therefore purchased the four blocks bounded by Wallace street, East street, South street and the lake, and commenced the erection of ice houses upon them. Up to this time Railroad street had never been opened or used as a public highway, and in its natural condition through the land of defendant it was incapable of such use because of low and marshy ground. Neither had William street across the land of defendant ever been improved or used as a highway, and defendant in his preparation for improvements ignored the existence of any public highways across his lands, and proposed to build regardless of street lines. When this was perceived, complainant Schermerhorn endeavored to induce the highway authorities of the township to take possession and improve Railroad street as a public highway, but they refused, and there is no claim that any offer of a dedication made by the platting which Reed put on record was ever accepted. When the highway authorities refused to interfere the complainants filed this bill.

The bill sets out the platting of the village of Nottowa

as a statutory platting, and alleges that Railroad street and the other streets named became public highways. It further sets out the purchase made by complainant Bell with reference to the plat, and avers that Railroad street furnishes a direct and safe way from his lands to the railroad station, post office, &c., and connects at Sturgis street with the principal highway in that part of the country, and also by way of William and Wallace streets provides a way to desirable and convenient points on the lake for boating, fishing, and in season, ice. It also describes the purchase by complainant Schermerhorn of the lots mentioned, and avers the importance of Railroad, William, Wallace and East streets to the use of the lots as business property. It also alleges that the streets are important as public highways, and prays that defendant be enjoined from obstructing or interfering with their enjoyment.

The defendant answered, and the case was heard on pleadings and proofs, and the bill dismissed. In the decree entered by him the circuit judge recites that "it was found by the court that the public authorities have asserted no rights in or to the streets in question in this case, and have declined to do so when requested, and have neglected and refused to improve Railroad street so as to make it fit for travel;" and that the "whole village of Nottowa is but little more than a common. And it was further found that heretofore the complainants have not used either of the alleged streets or parts of streets so far as they are obstructed, or required them for use, and neither have persons heretofore passing to or from complainant Schermerhorn's store or property traveled over the said parts of streets, but they have chosen other routes still open to them; and there is nothing to show that the patrons of the store of said complainant now use or desire, or ever will desire to use the streets obstructed in any way to benefit complainant, or that complainant will ever be likely to need them for any purpose. The complainant Schermerhorn has not ever found it desirable to have an entrance to his store on Railroad street, and no damage or prejudice has yet resulted or is likely to result

to him in consequence of the acts of defendant; and the streets were closed and large expenditures made before the bill in this cause was filed. And the court further found, that as to said complainant Bell, he has waived his right to be heard, and received a consideration which he still retains for so doing, and although the alleged grievance is in one sense of the same nature to both, it does not as alleged, affect both these complainants in the same way, and may affect one and not the other."

All the facts here recited we find established by the evidence. The consideration mentioned as received by Bell was a small sum paid him by defendant for his consent to the exclusive occupation defendant contemplated, and which Bell, though subsequently claiming he did not fully understand the matter, has always retained. The question, then, is whether in the light of these facts complainants have any equities.

The question of misjoinder which is made by the defense we pass without decision. It was not called to the attention of the court below until the case was brought to a hearing on the proofs, and was then entitled to no favor.

No attempt was made on the argument to sustain the claim of the bill that Railroad street had become a highway by dedication; but complainants insisted that by purchasing lots by reference to the plat, which the plat showed to abut on a street, they acquired the right to the use of the street and of all connecting streets for the enjoyment of their purchases, and that their grantor was estopped by his conveyances from disputing the right. The principle is supposed to be well settled, and many cases are relied upon to show its application to the facts of this case.

In *Smith v. Lock* 18 Mich. 56, it was decided that by granting a lot described in the conveyance as bounded on a street the grantor is estopped from shutting it up so as to prevent the grantee from making use of it for his own accommodation in the enjoyment of his purchase. The principle was again declared in *White v. Smith* 37 Mich. 291, and was recognized and applied in *Karrer v. Berry* 44 Mich.

391 and *McConnell v. Rathbun* 46 Mich. 303. In none of these cases did it become necessary to decide whether the right of the grantee went beyond the particular street or way upon which his lot abutted, nor did the relief which was granted in any case go farther than was necessary to give the party convenient access to his lot and a passage way from it by the road or street to which his conveyance referred. Numerous cases in other states recognize the same principle; and in New York and Massachusetts in particular the occasions for applying it have been frequent. *Livingston v. New York* 8 Wend. 98; *Underwood v. Stuyvesant* 19 Johns. 180; *Wyman v. New York* 11 Wend. 487; *Trustees &c. v. Cowen* 4 Paige 510; *Child v. Chappell* 9 N. Y. 246; *Bissell v. New York &c. R. R. Co.* 23 N. Y. 61; *Wiggins v. McCleary* 49 N. Y. 346; *Tufts v. Charlestown* 2 Gray 271; *Thomas v. Poole* 7 Gray 83; *Loring v. Otis* 7 Gray 563; *Farnsworth v. Taylor* 9 Gray 162; *Rodgers v. Parker* 9 Gray 445; *Stetson v. Dow* 16 Gray 372; *Fox v. Union Sugar Refinery* 109 Mass. 292; *Tobey v. Taunton* 119 Mass. 404. To the same effect are cases in other states: *Sutherland v. Jackson* 32 Me. 80; *Stetson v. Bangor* 60 Me. 313; *Bartlett v. Bangor* 67 Me. 460; *Hawley v. Baltimore* 33 Md. 270; *Zearing v. Raber* 74 Ill. 409; *Rowan v. Portland* 8 B. Mon. 232; *Carter v. Portland* 4 Oreg. 339; *Oswald v. Grenet* 22 Tex. 94; *Lamar County v. Clements* 49 Tex. 347; *Price v. Plainfield* 40 N. J. L. 608.

No support for the broad claim that is made on behalf of these complainants can be derived from these cases, nor, in our opinion, from any one of them. *Fox v. Union Sugar Refinery* 109 Mass. 292, seems to be very much relied upon. It was decided in that case that where land was conveyed by a description which bounded it on a private way not defined in the deed but shown upon a plan referred to therein, the deed operated as an estoppel upon the grantor, and precluded his denying the existence not only of the abutting way, but of any of the connecting ways represented on the plan, which would enable the grantee to

reach public roads in any direction so far as the grantor's title extended. The way which was in question in that case had been open and in use for more than twenty years, and its convenience in connection with the use of the land conveyed was plain and important. In some other cases it is held that the purchaser of a lot described as bounded on a street or way is entitled to have it kept open for the whole distance shown by the plat or description; but the decision in every case has been based upon substantial equities. It could not have been otherwise; for estoppels arise upon equities and are enforced for their protection. *Powell v. Conant* 33 Mich. 396; *Maxwell v. Bay City Bridge Co.* 41 Mich. 453; *Ferguson v. Millikin* 42 Mich. 441; *Alpena Lumber Co. v. Fletcher* 48 Mich. 555; *DeMill v. Moffat* 49 Mich. 125; *Barnard v. German American Seminary* 49 Mich. 444.

That complainant Bell has no equity to be protected is shown by his having assented for a consideration to what defendant has done. But it also appears that Railroad street south of South street is enclosed and occupied by Bell himself, so that he is doing in his own individual interest in respect to this very street precisely what he seeks to enjoin defendant from doing. It would be preposterous to grant the relief prayed for on his application under such circumstances. Schermerhorn's case is not thus embarrassed by action on his part inconsistent with his prayer, and if he has shown that it is necessary or important to the enjoyment of the lots he owns that Railroad street or William street as platted should be kept open through the lands of defendant, he has thereby made out a prima facie equity. But he has made no such showing. Defendant has closed up no passage way that was ever open to him along either of these proposed streets, for neither of them in its natural condition was susceptible of use as a street, and neither of them was ever put in condition for that use. If opened and improved they would be to Schermerhorn of no value. They would give to him no new connection with the roads of the country around him, and they would shorten no con-

nection he now has. And no person is living or has a business house or establishment on either of the proposed streets, who will be less accessible from Schermerhorn's lots· by existing ways than by these streets if open. To force the streets open under such circumstances would be to inflict serious injury upon defendant and prevent his making valuable use of his premises, with no corresponding advantage· to any one.

The circuit court was right in dismissing the bill, and. the decree must be affirmed with costs.

The other Justices concurred.