Follett, J.,
Two questions arise in this case :
I. What right to or in this strip of land is conveyed by the deed to Mary T. Redgate ?
*339 II. Can Mary T. Redgate defend alone for lier right ?
I. Eor the solution of the first question, we need look only.' to the plat and the deed. The plat, whether recorded or not, in this case is binding upon the plaintiff, and is conclusive upon him as to the boundaries and location of what he took therefrom and placed in the deed. It was by and from this plat, so made for him by a surveyor, and shown to grantee’s agent, that he made this deed. And the conveyance as to this alley so platted was required by Mary T. Redgate, through her husband who acted for her, before the deed was made and' before the money was paid.
This plat and the language of the deed show that there' was “ another alley lying north of the premises hereby conveyed,” as well as “ the alley south of said lot ” by which plaintiff bounded the premises conveyed. Plaintiff does not deny the existence of “ the alley south of said lot,” and in the • deed and in the plat he says just as distinctly' that there is “ another alley lying north of the premises hereby ;conveyed.” Now the plaintiff cannot be permitted to say, there is not an alley lying north of the premises so conveyed.
There is such an alley in this case. See Parker v. Smith, 17 Mass. 413; O'Linda v. Lathrop, 21 Pick. 292; Stetson v. Dow, 16 Gray, 372; Smith v. Lock, 18 Mich. 56; Smyles v. Hastings, 22 N. Y. 217; White v. Flannigan, 1 Md. 525; Goddard’s Law of Easements, 95, 96.
But plaintiff says, if there is such an alley, he conveyed only a right of way in gross, personal to Mary T. Redgate.
We will not examine the question, whether all rights of way merely are only in gross, and are not easements, as some claim, as this deed does not purport to convey simply a right of way. ■ ■
Easements exist at common law, and, among other way's,' may be created by deed. In this case, the nature and extent of the easement are- determined by the words’ used in the deed by the grantor.
The plaintiff had sold the lot adjoining and was conveying the same in fee simple. The purchaser insisted that lie should- *340 also convey to the grantee the use of this alley lying adjacent on the north — not merely a right of way thereon.
The extent and location of this alley are shown by the plat; and plaintiff used the language in the deed to carry out his agreement with the grantee. He places this grant in the granting clause of the deed, so that all the other parts of the deed have reference to this burden and right in the servient estate, as well as to the other part of the granting clause.
That each part of a deed must be construed with, and in reference to, every other part thereof, is an established rule ; and in construing this part of this deed, the court below did not err in “ taking the whole instrument, habendum and granting clause together,” into- consideration. The deed does not purport to convey only a right of way in this alley; but the granting clause contains the words, “ The above named grantee, Mary T. Redgate, is entitled to the use of another alley lying-north of the premises hereby conveyed. Possession is to be given April 1, 1874.” And this use is granted to her, and to her heirs and assigns forever.
The other alley bounded the premises purchased and conveyed on the south, and this alley is spoken of as another alley lying north of the premises conveyed. She is thus granted the use of this alley for any purpose for which the alley may be used, and a definite time is fixed for taking possession of it; and this easement is appurtenant to the lot deeded. The court below did not err in the charge and conclusion, “ that the words in said deed conveyed an easement in fee in the alley referred to therein.”
II. Can Mary T. Redgate defend alone for her right ?
An affirmative answer to this question is apparent, when it is shown that Mary T. Redgate has the right to the use of the premises on which the trespasses are alleged to have been committed.
Revised Statutes, § 4997, provide : “ When husband and wife are sued together, the wife may defend for her own right; and if the husband neglect to defend, she may also defend for his right.”
Plaintiff, in his petition, charges her alone with the tres *341 passes, and against such a charge she. may defend. Her answer in this case, set up a complete defense to plaintiff’s action, and this she established. The court did not err in the charge, as to her separate defense.

Judgment affirmed.