## Mary Ruddiman v. Michael Taylor.

*Highways—Dedication and acceptance—Estoppel.*

The purchaser of a lot abutting on a street, designated as such on a plat made by the original land-owner, and opened and used by the public, and on which highway labor has been performed, such purchaser having derived his title through mesne conveyances from said land-owner, in all of which the lot is described as a part of said plat, cannot, in an action involving the existence of such street, question the validity of the plat on the ground that the required statutory certificate was signed and acknowledged by an attorney in fact of the landowner, and that the plat and certificate do not conform in other respects with the statutory requirements.

Error to Muskegon. (Dickerman, J.) Argued January 10, 1893. Decided June 1, 1893.

Trespass. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. E. Sullivan,* for appellant.

*DeLong & O'Hara,* for defendant.

LONG, J. This case was commenced in justice's court, and under plea of title certified to the circuit court for trial.

Plaintiff was in possession of the premises described, and had them inclosed by a fence. The defendant, who is commissioner of highways of the township of Muskegon, claimed that the parcel inclosed was a public highway, and gave notice under the statute to remove the encroachment. The plaintiff refusing to remove the fence, defendant entered the close and removed it.

It appears that prior to 1873 William Ruddiman was the owner in fee of a portion of the N. W. ¼ of the N. W. ¼ of section 36, in the township of Muskegon, Muskegon county. On July 14, 1873, by his attorney in fact, he caused the lands to be platted and called. "Ruddiman's Addition to the City of Muskegon." The plat was filed in the register's office of that county on that date, and shows the lands divided into 12 blocks. Between these blocks streets are platted. The parcel of land in controversy in this suit is between blocks 4 and 8, and forms a part of Lincoln street, as shown on the plat. This street is four rods wide, and extends north-easterly and south-westerly through the entire addition.

The plaintiff is the owner of the entire of block 4 and that portion of block 8 adjoining Lincoln street. She pro-cured her title through several mesne conveyances from William Ruddiman, who platted this addition. The plaint-iff, or some of her grantors, in the year 1879 built a fence across Lincoln street upon each side of blocks 4 and 8, so as to inclose this portion of the street within those blocks. The fences remained there until 1891, when they were taken away by the defendant.

On the trial of the case in the court below the court

submitted to the jury the question whether there had been an acceptance of this street by the public under the dedication by William Ruddiman in filing this plat in the register's office. The jury found in favor of the defense. The plaintiff brings error. She contends—

1. That the plat was improperly received in evidence, for the reason that the certificate attached to it was not signed and acknowledged by the proprietor, but by his attorney in fact, and that the plat and the certificate in several other respects were not in conformity with the requirements of the statute authorizing the recording of plats in the office of the register of deeds.

2. That, though the plat may have been sufficient to show the dedication of the street to public uses, yet there was no evidence upon which the jury had a right to pass showing an acceptance of the dedication by the public.

The plaintiff is not in a position to question the validity of this plat. It is well settled in this State that persons who have dedicated or platted lands and sold lots on streets cannot thereafter withdraw or change the use of such public streets to the detriment of their grantees, especially where the public have evinced an acceptance of the dedication by performing highway labor on such streets. *Sinclair v. Comstock,* Har. Ch. 404; *Smith v. Lock,* 18 Mich. 56; *White v. Smith,* 37 Id. 291; *Grand Rapids & I. R. R. Co. v. Heisel,* 47 Id. 393.

It appears that William Ruddiman owned all the lands covered by the plat. He made and executed the plat by his attorney in fact. The power to make the plat is set out in the power of attorney given to George Ruddiman. After the plat was recorded, sales were made to different parties of many of the lots, as described in the plat; and it was conceded on the argument that the parties had built upon these lots. The plaintiff's title came to her through several mesne conveyances, all of them describing the property as a part of Ruddiman's addition to the city of

Muskegon. These streets were all opened and used for public travel outside of the small portion of Lincoln street between blocks 4 and 8; and as to that portion of Lincoln street it is contended on the part of the defendant that it was not only opened, but that the public had accepted the dedication by doing highway labor upon it between the time of the filing of the plat, in 1873, and the year 1879, when the plaintiff claims to have fenced it in, as a part of her close, with blocks 4 and 8. The question whether the public had performed highway labor upon this portion of the street, which amounted to an acceptance of the dedication, was fairly submitted to the jury, and we think there was some evidence introduced warranting the court in submitting the question.

The case differs from *Bell v. Todd,* 51 Mich. 21. In that case it appeared that, though the parties bought in reference to the plat, the plat was never acknowledged, nor the dedication thereby accepted, nor the streets laid out on it used or capable of being used. It also appeared that those streets were not ways of necessity or convenience. In the present case this street was opened and used by the public, and highway labor performed on the part sought to be inclosed.

The judgment must be affirmed, with costs.

HOOKER, C. J., McGRATH and GRANT, JJ., concurred. MONTGOMERY, J., concurred in the result.