UNITED STATES v. AGEE et al.

(Circuit Court of Appeals, Fifth Circuit. April 16, 1901.)

No. 988.

MISJOINDER OF DEFENDANTS—OBJECTIONS—WAIVER BY FAILURE TO OBJECT BEFORE TRIAL.

After a defendant files pleas to the merits, and goes to trial, and remains silent till evidence is offered which entitles plaintiff to judgment on the issues, it is too late to make an objection for misjoinder of parties defendant which he could have made before.

In Error to the District Court of the United States for the Southern District of Alabama.

Joel Bertrand Bullard was appointed postmaster at Mexia, Ala., on June 15, 1898. He gave bond in the form required by law, in the sum of $1,500, payable to the United States, with W. P. Agee, D. A. Frye, George Staffens, and C. L. Slaughter as sureties. As such postmaster Bullard received sums of money and became indebted to the United States on his money order account to the amount of $1,116.61. On demand made upon him and his sureties they failed and refused to pay this sum, and thereby made a breach of the bond. His account with the United States showed this sum to be due, with interest from the 2d day of December, 1898. This action was brought on the bond, against the principal and sureties, to recover the amount so due to the United States. Before the declaration was filed in court, one of the sureties, C. L. Slaughter, died. This coming to the knowledge of the United States attorney, he moved the court for leave to strike out the name of C. L. Slaughter as one of the defendants, and to add the name of Lily S. Slaughter as administratrix of the estate of C. L. Slaughter as a defendant. This motion was granted by the court, and an order made allowing the amendment, without objection. Afterwards, on the 13th of December, 1899, Lily S. Slaughter, as such administratrix, by her attorney, accepted service of the summons and complaint in the case. Service was had on all the other defendants, but no pleas were filed except by Lily S. Slaughter and W. P. Agee, who on July 9, 1899, filed joint pleas, denying that there had been any breach of the bond, and denying each and every allegation of the complaint, and denying that Bullard as postmaster had failed to account for any moneys that might have come into his hands and which belonged to the United States. Issue was joined on these pleas. On July 12, 1900, the case was tried before the court, a jury having been waived by the parties. The plaintiff offered in evidence a duly-authenticated copy of the official bond of Bullard as postmaster, which was a joint and several bond, and also a duly-certified copy of Bullard's account, showing a balance due to the United States of $1,116.61, the amount sued for, and also a certified copy of the written demand for payment of this amount made upon C. L. Slaughter and W. P. Agee. This evidence was offered and received without objection. The defendants offered no evidence. The defendants then objected to the court's awarding judgment for the plaintiff, and moved the court to render a judgment against the plaintiff because there was a misjoinder of parties defendant. The defendants contended that C. L. Slaughter, the intestate of the defendant Lily S. Slaughter, as administratrix, having died before the commencement of the suit, his administratrix, as the personal representative of C. L. Slaughter, one of the joint obligors, could not be joined in the suit with one of the surviving obligors. This contention was sustained by the court. Judgment was entered "that the plaintiff cannot recover in this suit, and it is further considered by the court that the defendants go hence, and recover of the plaintiff their rea-

sonable costs in this behalf expended." The plaintiff duly reserved a bill of exceptions to this action of the court. The United States brings the case here on error, and it is assigned that the court below erred (1) in holding that Lily S. Slaughter, as the administratrix of C. L. Slaughter, as surety upon the bond of Bullard, as postmaster, could not be jointly sued with the surviving obligors upon the bond; (2) that the court erred in refusing to award judgment against said Lily S. Slaughter, as administratrix, for the amount of the plaintiff's demand, to be levied on the goods and chattels of the estate of the said C. L. Slaughter, deceased, in the hands of the said administratrix to be administered; and (3) that the court erred in declining to award a judgment against W. P. Agee for the amount claimed.

M. D. Wickersham, U. S. Atty.

C. J. Torrey, for defendants in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

At common law, if the contract sued on be several, or joint and several, the executor or the administrator of a deceased obligor may be sued at law in a separate action, but he could not be sued jointly with a surviving obligor. The reason given for not permitting the joint suit is that the one is to be charged de bonis testatoris and the other de bonis propriis. 1 Chit. Pl. (8th Am. Ed.) 50. Whatever changes in this rule have been made by the legislature in Alabama are applicable in the federal courts held in that state. Sawin v. Kenny, 93 U. S. 289, 23 L. Ed. 926. By the Code of Alabama, when two or more persons are jointly bound by bond, the obligation is in law several as well as joint, and suit may be instituted thereon against the legal representatives of such as are dead. Code Ala. 1896, § 39. All actions on contracts survive in favor of and against personal representatives. Id. § 35. The death of one or more defendants jointly sued does not, as to the defendant dying, abate the suit, if the cause of action survive, but it may be revived against the proper representative of such defendant, and may proceed against such representative and the surviving defendant or defendants, jointly or severally, at the election of the plaintiff, and the judgment therein must be several; but against the personal representative, if he objects, judgment must not be rendered until after the expiration of 12 months from grant of letters testamentary or of administration. Code Ala. 1896, § 43. If the surety C. L. Slaughter had died after the declaration was filed and summons issued, that being in Alabama the beginning of the suit (Id. § 3268), the action could have been revived against his personal representative, under section 43 of the Code. It was contended by the plaintiff in the court below that the effect of these statutes is to authorize the bringing of a suit against the personal representative of a deceased joint obligor and a surviving obligor as co-defendants. The court below held that the statutes did not have that effect; that, although they permit the revivor of a pending suit against the personal representative of the deceased obligor and the rendition of a judgment against him, they do not authorize the institution of a suit against the personal representative of the deceased obligor and a surviving obligor. The learned judge presiding in the circuit court has discussed these statutes with much

ability, and has cited many decisions of the supreme court of Alabama construing them. He came to the conclusion that there was a misjoinder of parties in the case, and therefore declined to enter judgment in favor of the plaintiffs. U. S. v. Bullard (D. C.) 103 Fed. 256.

The view we take of the case makes it unnecessary to consider the question decided by the circuit court. If it be conceded that the statutes do not permit the personal representative of the deceased coobligor to be joined as a defendant with the surviving obligor, we are met by the question whether or not the representative of the deceased obligor in this case raised the question properly, and in time so as to entitle her to the judgment of the court. When the motion was made to amend the declaration so as to make her, as administratrix, a party defendant, she made no objection, but accepted service of the summons and complaint. She appeared in court by counsel, and joined her co-defendant in filing pleas to the merits. Issue was joined on these pleas, and the case tried. After the plaintiff had offered evidence meeting the issues joined and showing a right of recovery, the defendants for the first time raised the question of misjoinder. The question had not been raised by demurrer, motion to strike, or by plea. No information was given by the defendant that such defense would be made until the plaintiff had offered evidence and rested. The question was then raised in argument or by oral objection. If the plaintiff had failed to prove the case, this suggestion would probably have never been made, and the defendants would have obtained the benefit of a judgment in their favor. Under the statutes it is conceded that the right of action survived against the administratrix, and that she could have been sued separately. If the suit had been brought before the death of Slaughter, under the statute it could have been revived against his administrator, and it is important to note that section 43 of the Code provides that a judgment may be entered in such case against the representative of such deceased obligor and against the surviving obligor. This statute gives authority for the rendition of the two judgments in one case,—a judgment against the administrator, to be levied on the goods and chattels in his hands unadministered, and a personal judgment against the surviving obligor. As the personal representative of the deceased obligor is liable to suit on the bond, she can consent to be sued jointly with the surviving obligor. She, in effect, did so consent. She made no timely objection to the procedure.

In Bell v. Todd, 51 Mich. 21, 16 N. W. 304, Cooley, J., delivering the opinion of the court, disposed of a defense of misjoinder in these words:

"The question of misjoinder which is made by the defense we pass without decision. It was not called to the attention of the court below until the case was brought to a hearing on the proofs, and was then entitled to no favor."

In Moore v. Association (Tex. Civ. App.) 45 S. W. 974, there was a misjoinder of parties defendant, and the court of civil appeals of Texas held that the defendants were not entitled to interpose it as a defense because of delay in raising the question. Fisher, C. J., in delivering the opinion of the court, said:

"The form of the action, and seeking to make the parties liable in the way urged by the plaintiff in its petition, and joining in one action the sureties on the bonds of Moore as secretary, were all matters that could be waived by the defendants, if they so desired. The district court, by virtue of its general authority, had jurisdiction over the parties and a cause of action of this character. Because the plaintiff elected to bring the suit in the manner in which it was brought does not render it inherently bad, so that the privilege of the defendants to change the form of the action could be urged at any stage of the proceeding. They had the right to come in, if they so desired, and, by an agreement, waive the objections that they are now seeking to urge; and, if such had been the case, the trial court would not, of its own motion, have declined to try the case, because of the fact that the plaintiff was seeking to hold different sets of sureties liable on different bonds. Now, while it is true the defendants did not expressly agree to waive any objections as to the manner in which plaintiff sued them, still their conduct in delaying the urging these objections at this late day should be held tantamount to a waiver."

In Ehret v. Railroad Co., 151 Pa. 158, 166, 24 Atl. 1068, the court said, in reference to a misjoinder of parties: "It should have been raised, if at all, in limine, when the petition for appointment of viewers was presented, or, at the very latest, when the issue was framed by the court." The objection was disregarded because it was not raised in time. See, also, Wright v. Storrs, 6 Bosw. 600; Bensieck v. Cook, 110 Mo. 173, 183, 19 S. W. 642; Pavisich v. Bean, 48 Cal. 364; Erwin v. Ferguson, 5 Ala. 158; Lehman, Durr & Co. v. Greenhut, 88 Ala. 478, 7 South. 299; Merritt v. Bagwell, 70 Ga. 578; Jones v. Foster, 67 Wis. 296, 307, 30 N. W. 697.

If it be conceded that there was a misjoinder of parties defendant (a question which we do not deem it necessary to decide), the objection came too late. When a misjoinder of defendants is apparent on the face of the declaration, it ought to be raised by demurrer. If it is not apparent on the face of the declaration, it should be raised by plea. If the defendant who could make such objection files pleas to the merits, and goes to trial, and remains silent, until evidence is offered which entitles the plaintiff to a judgment on the issues joined, it is then too late to raise the question of misjoinder. If the evidence offered and the law applicable to the case entitle the plaintiff to judgment on the issues joined, such judgment should be entered.

The judgment of the circuit court is reversed, and a judgment will be here rendered in favor of the United States against W. P. Agee for $1,116.61, with interest from December 2, 1898, at 6 per cent. per annum (Rev. St. U. S. § 964); and a judgment for a like sum against Lily S. Slaughter, as the administratrix of C. L. Slaughter, deceased, to be levied on the goods and chattels of the estate of said decedent in the hands of said administratrix to be administered; judgment also against both defendants for costs. The satisfaction of either one of the judgments and costs will be the satisfaction of the other. Parker's Adm'r v. Abrams, 50 Ala. 35, 36. Reversed and rendered.