[Civil No. 920. Filed March 30, 1906.]

[85 Pac. 1061.]

JAMES R. THORPE, Defendant and Appellant, v. T. N. CLANTON et al., Plaintiffs and Appellees.

1. HIGHWAYS—DEDICATION—SALE OF LOTS WITH REFERENCE TO PLAT— ESTOPPEL.—Where a dedication is made, but there has been no acceptance by the public, if the owner has sold lots or blocks according to the description given in a map or plat, such owner upon the doctrine of estoppel *in pais*, is precluded from revoking the dedication.

2. HIGHWAYS—OBSTRUCTION—INJUNCTION—ONLY GRANTED TO INDIVIDUAL WHERE SPECIAL INJURY IS SHOWN. — Individuals who purchased lots with reference to a plat showing certain streets which had been dedicated to a town, have no right to an injunction against the owner of the land to prevent him from closing said streets, unless such individuals can show that they would be specially injured by such closing.

3. SAME—SAME—SAME—PRESUMPTION.—There is no general presumption of fact of special injury to a purchaser of lots according to a plat from the mere closing of a street dedicated thereby; there must be some showing that the complainants are injured in a way not suffered by the public to make out a case for an injunction.

4. SAME—SAME—FINDINGS OF FACT—MUST NOT BE MERE CONCLUSIONS
   OF LAW.—A finding that the plaintiffs have a mutual interest in
   the common use of the streets of a townsite and as inhabitants of
   the townsite are interested in keeping them open, is merely a con-
   clusion of law, shows no special injury to plaintiffs and is insuffi-
   cient to sustain a judgment enjoining an owner from obstructing
   certain streets in a townsite, in an action by persons who purchased
   lots with reference to a plat showing certain streets, to enjoin the
   owner from obstructing such streets.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Maricopa.
Edward Kent, Judge. Reversed.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

There being no statutory dedication, and no acceptance for
and in behalf of the public, and there being no actual user
of the streets and alleys so laid out running through defend-
ant's land, the only dedication that can be asserted is that
which can be inferred from the fact of reference to such map
in the conveyances. 24 Am. & Eng. Ency. of Law, 4th and
5th eds.; *Maywood Co.* v. *Village of Maywood,* 118 Ill. 61,
6 N. E. 866; *Zearing* v. *Raber,* 74 Ill. 409; *Earle* v. *City of
Chicago,* 136 Ill. 277, 26 N. E. 370; *City of Denver* v. *Clem-
ents,* 3 Colo. 472. The plaintiffs are not entitled to keep open
and enforce the keeping open of all the streets shown on said
map, but only those abutting on their property and which
are necessary for their ingress and egress to and from their
property. *Badeau* v. *Mead,* 14 Barb. (N. Y.) 328; *Living-
ston* v. *Mayor etc. of New York,* 8 Wend. 98, 22 Am. Dec.
622; *Wyman* v. *Mayor etc. of New York,* 11 Wend. 486; *Un-
derwood* v. *Stuyvesant,* 19 Johns. 181, 10 Am. Dec. 215; *State*
v. *Taylor,* 107 Tenn. 455, 64 S. W. 766; *Mahler* v. *Brumder,*
92 Wis. 477, 66 N. W. 502, 31 L. R. A. 695; *Seeger* v. *Mueller,*
133 Ill. 86, 24 N. E. 513, 515; *State* v. *Hamilton,* 109 Tenn.
276, 70 S. W. 619. The doctrine upon which the above cases
were decided is that an implied covenant or an implied grant
is not sufficient to give the owner of lots purchased with ref-
erence to a map or plat a right in streets and highways not
*in esse* at the time the deed is made, and rights in such streets

or roads cannot be claimed by virtue of an implied grant, except it be by way of necessity as such ways are known in the common law. *Borden* v. *Manchester,* 4 Mason, 112, Fed. Cas. No. 1,656; 2 Hilliard's Ab. 63; *Grant* v. *Chase,* 17 Mass. 447; 9 Am. Dec. 161; Woolrych on Ways, p. 16.

There being no express grant of right of way of necessity in any of the streets mentioned in the map or plat to plaintiffs, the only rights they have extend to the streets and alleys abutting on their own property. There is no injury shown, and even if the maintenance of the fences is a public nuisance, in order to entitle plaintiffs to any right to abate the same, they must show some special damage to them, different from that resulting therefrom to the public in general, and that must be shown in a proper proceeding for that purpose. This suit is one in equity, and the equities are all in favor of the defendant. The rule seems to be well established that equity will not enforce the opening of streets inclosed by the defendant, where the damages to the defendant in so doing will be greater and in excess of the benefit to be derived by the plaintiffs therefrom. *Seeger* v. *Mueller,* 133 Ill. 86, 24 N. E. 513; *Chapin* v. *Brown,* 15 R. I. 579, 10 Atl. 639; *Bell* v. *Todd,* 51 Mich. 21, 16 N. W. 304.

Street & Alexander, for Appellees.

A purchaser of a town lot acquires a right in all the streets shown on the map in reference to which he buys, and it is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have the right to insist upon the opening of a street or road; but where streets and roads are marked on a plat and lots are sold with reference to the map or plat, all who buy with reference to the general plan or scheme disclosed by the map or plat acquire a right in all public highways designated thereon and may enforce dedication, as the purchasers of lots acquire as appurtenant to their lots every easement which the plan represents; it being just to presume that the purchasers paid for the lots the added value of the streets, and the donor ought not therefore be permitted to take it from them by revoking part of his dedication. And this rule applies to the grantees of the dedicator as well as the dedicator himself. Elliott on Roads and Streets, sec. 120; *In re Opening of Pearl St.,* 111 Pa.

St. 565, 5 Atl. 432; *Thaxter* v. *Turner,* 17 R. I. 799, 24 Atl.
829; *Meier* v. *Portland C. Ry. Co.,* 16 Or. 500, 19 Pac. 610,
1 L. R. A. 856; *Oswald* v. *Grenet,* 22 Tex. 94; *Bartlett* v.
*Bangor,* 67 Me. 460; 2 Dillon on Municipal Corporations,
p. 503 (note); *Zearing* v. *Raber,* 74 Ill. 411, 412; *Maywood Co.*
v. *Village of Maywood,* 118 Ill. 71, 6 N. E. 866; *Town of
Lake View* v. *LeBahn,* 120 Ill. 93, 9 N. E. 269; *Hughes* v.
*Clark,* 134 N. C. 457, 46 S. E. 956, 47 S. E. 462; *Hall* v.
*Breyfogle,* 162 Ind. 494, 70 N. E. 883; *Village of Riverside*
v. *McLean,* 210 Ill. 308, 102 Am. St. Rep. 164, 71 N. E. 408,
66 L. R. A. 288.

Where one owning land lays off a town or village thereon,
and makes a plat showing streets, etc., and then sells lots
with reference to such a plat, he thereby makes an oral
irrevocable dedication of the space as represented on the map
as streets primarily for the use of the purchasers of lots
and to the use of the public. *San Leandro* v. *LeBreton,* 72
Cal. 170, 13 Pac. 405; *Schneider* v. *Jacob,* 86 Ky. 101, 5 S. W.
350; *Cincinnati* v. *White,* 6 Pet. (U. S.) 438, 8 L. Ed. 457;
*Meier* v. *Portland Cable Ry. Co.,* 16 Or. 500, 1 L. R. A. 856
(notes), 19 Pac. 610; *Oswald* v. *Grenet,* 22 Tex. 94; *Zearing*
v. *Raber,* 74 Ill. 409. No formal acceptance by any one is
necessary to make a complete dedication of the streets drawn
on such plat. *San Leandro* v. *LeBreton,* 72 Cal. 175, 13 Pac.
405; *Mayor of Jersey City* v. *Morris Canal etc. Co.,* 12 N. J.
Eq. 547; *Cincinnati* v. *White,* 6 Pet. (U. S.) 431, 8 L. Ed. 452;
*New Orleans* v. *United States,* 10 Pet. (U. S.) 712, 9 L. Ed.
593; *City of Llano* v. *Llano Co.,* 5 Tex. Civ. App. 129, 23
S. W. 1010; *Village of Riverside* v. *McLean,* 210 Ill. 308,
102 Am. St. Rep. 164, 71 N. E. 408, 66 L. R. A. 288. Nor
is it necessary that the streets dedicated by plat and sale of
lots need be immediately opened, for the dedicator leaves the
streets to be opened by the proper local authorities at such
time as the public interest may require, and of this the local
authorities are the judges. Elliott on Roads and Streets, sec.
118; *Meier* v. *Portland Cable Co.,* 16 Or. 500, 19 Pac. 610,
1 L. R. A. 856; *Griffin* v. *City of Olathe,* 44 Kan. 342, 24 Pac.
470; *Town of Lake View* v. *LeBahn,* 120 Ill. 92, 9 N. E. 269.
And no mere non-user of a street of any length of time will
operate as an abandonment of it and all persons in the pos-
session of it will be presumed to hold subject to the paramount

X Ariz.—7

right of the public. Elliott on Roads and Streets, sec. 874;
*Moffit* v. *Brainard*, 92 Iowa, 122, 60 N. W. 226, 26 L. R. A.
821; *Curren* v. *City of Louisville*, 83 Ky. 628; *Parker* v. *City
of St. Paul*, 47 Minn. 317, 50 N. W. 247; *McAlpine* v. *Chicago
etc. Ry. Co.*, 68 Kan. 207, 75 Pac. 73, 64 L. R. A. 85.

When the act complained of has been done against the
consent and objection of the injured parties and the act is
a continuing one, the party obstructing may be compelled by
mandatory injunction to remove the obstruction though the
suit was brought after the act was done. Elliott on Roads.
and Streets, sec. 666; *Coffin* v. *Porland*, 11 Sawy. (U. S.)
611, 27 Fed. 788; *Broome* v. *New York & N. J. Tel. Co.*,
42 N. J. Eq. 141, 7 Atl. 851; *DeWitt* v. *Van Schoyk*, 110 N. Y.
7, 6 Am. St. Rep. 342, 17 N. E. 425; *Butler* v. *Mayor etc.
of Thomasville*, 74 Ga. 570.

SLOAN, J.—T. N. Clanton and five other persons, owners.
of lots in a townsite known as Sidney, situated in Maricopa
County, brought suit in the district court of said county
against James R. Thorpe, the owner of certain lots in said
townsite, to obtain a permanent injunction restraining Thorpe
from fencing in his said lots so as to close up certain streets.
and alleys shown on the map of said townsite, which streets.
and alleys are alleged by them in their complaint to have
been dedicated to public use. Thorpe, in his answer, admitted
that he had fenced in and closed said streets and alleys, but
pleaded that said streets and alleys had never been dedicated
to public use; that the board of supervisors of Maricopa.
County, by resolution entered upon the minutes of said board,
had duly vacated and annulled an attempted dedication to
public use of that portion of said townsite which includes.
the streets and alleys so fenced by him; that after said action
of said board he purchased the lots owned by him including
the land abutting on and running through and around them
designated on said maps as said streets and alleys; that after
his said purchase he had cleared, fenced, and cultivated as:
one tract said lots, including said designated streets and
alleys, as a farm. From the evidence adduced at the trial
the court found that the grantors of Thorpe, then the owners.
and in possession of the southwest quarter of section 5, town-
ship 1, range 3 west, Maricopa County, laid the same out into

a townsite, and subdivided the same into blocks and lots, and mapped and platted the same into blocks and lots, streets and alleys, numbering said blocks and lots, and naming the streets, and staked the said lots and blocks, streets, and alleys, so as to mark the same upon the ground, and gave to said townsite the name of Sidney; that on the third day of September, 1888, said grantors of Thorpe filed said map and plat in the recorder's office of Maricopa County; that thereafter Thorpe and his grantors offered said lots and blocks for sale, and that the plaintiffs purchased certain lots in said townsite, and settled upon and improved the same, and built houses for themselves thereon; that said purchases were made with reference to said map and plat, and with reference to said streets and alleys in said townsite so mapped, platted, staked, and marked upon the ground; that Thorpe is the owner of certain blocks known as blocks 19, 20, 21, 28, 29, 30, 31, 32, and 33; that the board of supervisors passed the resolution set forth in the defendant's answer and that thereafter Thorpe fenced up the streets and alleys running through and around the blocks above numbered, and has subjected the same to his exclusive control and possession. Upon these findings the court gave judgment for the plaintiffs, and entered its decree granting the injunction prayed for. From the judgment and ruling of the court denying his motion for a new trial, Thorpe has appealed.

The question presented by the record is of great interest, and is not free from difficulty. At the time of the filing of the townsite of "Sidney" by the grantors of Thorpe there was no statute in force in the territory relating to the dedication of streets and alleys by the owners of property. Such dedication as was made, therefore, by the platting of the land and filing of the map, and the sale of the lots according to the description as given in the map by the grantors of Thorpe, was a common-law dedication. In so far as the rights of purchasers are concerned the distinction between a statutory and common-law dedication is unimportant, as such distinction relates wholly to the nature of the title, which is granted, and not to the right of the public or to the rights of purchasers of lots to the free and unobstructed use of streets and alleys included within the dedication. *Barney* v. *Keokuk,* 94 U. S. 340, 24 L. Ed. 224. Where a dedication has been

made, whether under a statute or at common law, and accepted by the public it becomes irrevocable. Where there has been no acceptance by the public, but where the owner has sold lots or blocks according to the description given in a map or plat, such owner is universally held, upon the doctrine of estopped *in pais,* to be precluded from revoking the dedication. *Morgan* v. *Railroad Co.,* 96 U. S. 716, 24 L. Ed. 743. The important and essential questions involved in this case are, as asserted by counsel for plaintiff in error in his brief, as to the nature and extent of the rights of the defendants in error, under the facts as found by the court, to the use of the streets and alleys inclosed by Thorpe, and as to the nature of the relief to which they may be entitled. Elliott in his work on Roads and Streets has declared the general doctrine relating to the.rights of purchasers of lots in a platted town-site to be as follows: "It is not only those who buy land or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of the street or road, but where streets and roads are marked on a plat and lots are bought and sold with reference to the plat or map, all who buy with reference to the general plan or scheme disclosed by the plat or map acquire a right in all the public ways designated thereon and may enforce the dedication. That plan or scheme indicated on the map or plat is regarded as a unity and it is presumed, as it well may be, that the public ways add value to all the lots embraced in the general scheme or plan. Certainly, as every one knows, lots with convenient cross streets are of more value than those without, and it is fair to presume that the original owner would not have donated land for public ways unless it gave value to the lots. So, too, it is just to presume that the purchasers paid the added value and the donor ought not, therefore, to be permitted to take it from them by revoking part of his dedication."

The broad rule thus stated, that a purchaser of a lot in such townsite has a right, as such owner, to have all the streets and alleys, designated upon the map, kept open and unobstructed, and to enforce that right, has been affirmed by a few of the appellate courts of this country, and denied by others. The supreme court of North Carolina, following the doctrine as laid down by Elliott, has held, in a number of

decisions, that, where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions of lots, streets, and alleys, such purchaser of a lot or lots acquires the right to have all of said streets kept open, and if they be obstructed such obstruction amounts to a public nuisance, and each purchaser can, by injunction, or other proper proceeding, have such obstruction removed. That in such case there is an irrebuttable presumption that the complainant suffers some special injury to his property rights. *Hughes* v. *Clark*, 134 N. C. 457, 46 S. E. 556; *Conrad* v. *Land Co.*, 126 N. C. 776, 36 S. E. 282. The supreme court of Pennsylvania, in *Reopening of Pearl Street*, 111 Pa. St. 565, 5 Atl. 430, has held that one who purchases lots according to a plan as shown on a map has a right to assert that not only are the streets abutting on said lots of the character of public streets, but that all other streets in the general plan are irrevocably dedicated as such streets. On the contrary, the supreme court of Tennessee in the case of *State* v. *Hamilton*, 109 Tenn. 276, 70 S. W. 619, approves the rule as laid down in Jones on Easements, sec. 347, as follows: "When land is sold by reference to the plan upon which several streets and avenues are laid out the grantee does not necessarily acquire an easement in all said streets or ways. He acquires an easement in the street or way upon which his lot is situate, and in such other streets or ways as are necessary or convenient to enable him to reach a highway. He acquires no easement in the street or way which his land does not touch and which does not lead to the highway; and he is not entitled to an injunction or other remedy by reason of an obstruction to such street or way." In the case of *Chapin* v. *Brown*, 15 R. I. 579, 10 Atl. 639, the supreme court of Rhode Island held that a complainant, who bought a lot with reference to a plat, one side of which was bounded by an avenue, who sought to have a fence obstructing said avenue and also other streets removed, might have a technical right to have the obstruction from such other streets removed, but as such removal would be of no real benefit to him, and would oblige the defendant to incur additional trouble and expense to protect his property, he would not be granted relief in equity. The supreme court of Michigan, speaking by Judge Cooley, in the case of *Bell* v. *Todd*, 51 Mich. 21, 16 N. W. 304, held that the rule

that those who purchase by reference to a plat are entitled to the use of the streets on which the purchased premises appear to abut and of all connecting streets, not to apply in the case where the plat was not acknowledged nor the dedication accepted by the public, nor the streets laid out on it, used or capable of use, and where the streets were neither ways of necessity nor of convenience, and no equities were shown against closing them which the plaintiffs could assert. These cases illustrate the conflict in the decisions.

Upon principle we think the extreme view taken by the North Carolina court cannot be sustained. It may be that all the streets and alleys which appear upon a map or plat and according to which the owner has sold and conveyed lots are thereby irrevocably dedicated to the public; yet only such persons as may be injured in an especial manner by the obstruction or closing of such streets have a right in equity to enforce the dedication. Equity will not enforce mere technical rights nor attempt to redress unsubstantial wrongs. It lies at the base of the right of an individual to proceed in a court of equity to restrain an interference with the enjoyment of some common right, that he suffer, by such interference, some special or particular damage not suffered by the public generally. The North Carolina cases recognize the principle that special damage must exist as a basis for equitable relief, but rest upon the theory, that a purchaser in a platted townsite buys with reference to the general plan, and pays an added price for his property by reason thereof, and that the free and unobstructed use of all the streets shown on such plan is necessary for the convenient use of every lot, and the obstruction of any one of such streets detracts from the value of such lot, are irrebuttable presumptions of fact. To apply these presumptions to townsites in a new country like this, where many abortive attempts are made to establish towns and villages, is to do violence to our sense of right, founded upon common observation and experience. In the present case the record shows that, although many years have elapsed since the platting of the townsite of Sidney, it has less than half a hundred people and these live in less than a dozen houses. The townsite may never be more populous. It seems to us that the question of the effect of the closing of the streets by Thorpe upon the property rights of the defendants in error

is one which ought not to be determined by general presumptions of fact, but by the facts as they may appear from the proof. It may be that little proof is necessary to show special damage in such a case, but it does seem to us that some proof should be adduced showing that the complainants are injured in a way not suffered by the public in order that they may make out a case within the equitable jurisdiction of the court.

Turning to the record, we find that the finding of the court as to the injury which results to the appellees from the closing of the streets and alleys by the appellant reads as follows: "That these plaintiffs as said purchasers of said lots from defendant and his grantors and predecessors in interest and as the owners and holders of the same have a joint and mutual interest in the common use of the streets and alleys of the said townsite of Sidney; and as inhabitants of the said townsite are interested in keeping open and maintaining the streets and lots of said townsite as mapped and platted and laid out and staked on the ground for their joint and several and mutual common convenience and benefit." The effect of this finding is a declaration of law, rather than a determination of an issue of fact. The plaintiffs may have been interested in keeping open the streets, and these streets may have been laid out "for their joint, several, mutual and common convenience and benefit," yet no injury may actually result to them from their closing; and as we hold that injury to every purchaser of a lot within such a townsite will not be presumed to result from the closing of any street or alley therein, which may have been designated on the plat of such townsite, it follows that the finding is insufficient as showing special injury to have been done to the property rights of defendants in error by the acts of Thorpe, which differ in kind from those possessed by the general public. Upon the trial it appears that evidence was introduced, on the part of defendants in error, tending to show such injury, and evidence tending to show the contrary was introduced on behalf of plaintiff in error. As a basis for the relief granted by the court we hold that there should have been a determination of this question, not as a matter of law but as a matter of fact, and that without such finding no ground for equitable relief appears.

We hold, therefore, that the decree awarding the injunction prayed for is not sustained by the findings, and the judgment and decree must therefore be reversed.

DOAN, J., CAMPBELL, J., and NAVE, J., concur.