185 P.2d 522

KAUFFROATH v. WILBUR.

No. 4939.

Supreme Court of Arizona.

Oct. 14, 1947.

V. L. Hash, of Phoenix, for appellant.

Baker and Whitney, of Phoenix, for appellee.

154

UDALL, Justice.

Joseph H. Wilbur, plaintiff (appellee), instituted this tort action against defendant (appellant) I. W. Kauffroath, seeking damages in the overall sum of $1,250. These, plaintiff alleged, arose out of injuries to his person and his motorcycle resulting from a collision with defendant's automobile on the afternoon of August 7, 1945, at a point some four miles east of Phoenix, the intersection of Delano Avenue and East Washington Street.

Plaintiff's complaint contains only a general allegation of negligence set out as follows: " * * * defendant * * * so negligently operated said automobile as to cause the plaintiff and his motorcycle to be thrown to the street and into violent collision with the automobile operated by defendant * * * ". In his amended answer, defendant denied that he was negligent claiming the accident to be either entirely the fault of the plaintiff, or that plaintiff was at least guilty of contributory negligence such as would bar his recovery here. Defendant also filed a cross complaint seeking $275 to cover damage to his car in answer to which plaintiff denied all responsibility therefor.

At the close of plaintiff's case and again when all the evidence was in, defendant moved for a directed verdict upon the sole ground that the complaint failed to charge him with any act of negligence. Both of these motions were denied and the jury returned a unanimous verdict for plaintiff assessing his damages at $250 and denying defendant any relief upon his cross complaint. The court entered judgment in accordance with the verdict and later denied defendant's motion for a new trial. It is from the judgment and order that this appeal is taken. We are limited in our review of the record to the eight assignments of error relied upon by defendant.

■ At the outset, there is no merit to defendant's first assignment in which he attacks the court's failure to direct a verdict for the reason that the complaint did not state a cause of action in negligence. Under the Federal Rules of Civil Procedure, rule 8(a), (e) (1), 28 U.S.C.A. following section 723c, adopted by this State with but slight change not here applicable, it is provided that:

"A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * * ". Rule 8(a), Sec. 21-404, A.C.A. 1939.

"Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Rule 8(e) (1), Sec. 21-408.

■ Although Arizona did not adopt as a part of these Rules the Federal Forms appended to them, 28 U.S.C.A. following section 723c, still these forms are highly persuasive in guiding our interpretation of their meaning and use. Form 9 therein

clearly provides for a general allegation of negligence.

"Form 9.—Complaint for Negligence * * *

"2. On June 1, 1936, in a public highway * * * *defendant negligently drove a motor vehicle* against plaintiff who was then crossing said highway." (Emphasis supplied)

In discussing the conflict that sometimes exists between pure fact pleading versus brevity and sufficient notice to the opposite party, 1 Moore's Federal Practice, Sec. 8.07 says: "The phrases * * * 'negligently drove', 'wilfully or recklessly or negligently drove', * * * clearly do not fall within a scientific definition of 'fact'. They are mixed conclusions concerning propositions of fact and law, but they are succinct and have a definite meaning to the lawyer. Courts generally have regarded them as sufficient and all of them are to be found in the Official Forms which accompany the Federal Rules."

For other examples of proper use of the general allegation of negligence see: Sierocinski v. E. I. Dupont De Nemours & Co., 3 Cir., 1939, 103 F.2d 843; Martz v. Abbott, D.C., 2 F.R.D. 17. Had defendant actually been at a loss for sufficient information upon which to base his defense he properly could have made a motion before the trial court under rule 12(e), Sec. 21-433, for more definite statement or for a bill of particulars.

Another assignment of error is based upon the cross examination of plaintiff in which defense counsel brought out the fact that both motorcycles were equipped with special exhaust pipes used to make noise and attract attention. Quoting from the reporter's transcript:

"Q. Particularly girls, is that right? A. That's right.

"Q. Then you had those on there so as to attract girls as you traveled by? A. There were no girls out there.

"Mr. Whitney: I object to this. I think it is getting ludicrous.

"Mr. Hash: It goes to the quality of his testimony; goes to the question of care in the operation of the motorcycle.

"The Court: *No girls were out there and he never saw any.*" (Emphasis supplied).

Particularly, defendant complains of the above emphasized statement of the court contending that it constitutes a comment and instruction to the jury upon the evidence. Manifestly there is no merit to this assignment. Counsel improperly injected this line of questioning into the examination over the uncontradicted evidence that there were no girls at the scene of the collision and he cannot now be heard to complain at its summary exclusion by the court. Even should this constitute an improper comment by the court, it could in no way prejudice defendant as it had no relevancy to any of the issues in this case. Hagan v. Cowan, 35 Ariz. 334, 278 P. 68.

■ Defendant also assigns as error the fact that "the verdict should be set aside for the reason that the plaintiff was guilty of contributory negligence, by his own admission, which proximately caused the collision." Contributory negligence having been put in issue by both the pleadings and evidence in this case, it seems that counsel in making this assignment has completely overlooked the provisions of Sec. 5, art. 18, of the Arizona Constitution which radically changed the common law rule. It reads: "[Contributory negligence]—The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

Apropos of the present situation, this court in Campbell v. English, 56 Ariz. 549, 110 P.2d 219, 221, said: "We have passed upon the meaning and effect of this constitutional provision in innumerable cases and have held, in effect, that when the issue is one of contributory negligence, that is to say, when there is evidence from which a jury could find, under the rules above set forth, that the defendant was guilty of negligence, and one of the defenses is that plaintiff also was guilty of negligence, the constitution takes away from either the trial or appellate court the right to determine whether, as a matter of either law or fact, the evidence shows such contributory negligence to exist, and leaves the question both of law and fact on that particular issue to the decision of the jury. Dennis v. Stukey,

supra [37 Ariz. 299, 294 P. 276]; Inspiration Consol. Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88; Herzberg v. White, 49 Ariz. 313, 66 P.2d 253." See also Pearson & Dickerson v. Harrington, 60 Ariz. 354, 137 P.2d 381. There is no merit to this assignment.

■ Defendant's third assignment of error, "That the verdict is not sustained by the weight of the evidence" is likewise without merit. This court is not the trier of the facts. It is of no moment that had we been the jury we might well have decided the other way. Assignments of error based upon the weight of evidence cannot be considered if there is any evidence to support the trial court's finding even though the weight of the evidence be against that finding. Garlington v. McLaughlin, 56 Ariz. 37, 104 P.2d 169; Ruth v. Rhodes, 66 Ariz. ——, 185 P.2d 304, and cases cited therein.

■ We have carefully examined the four assignments attacking the correctness of certain instructions given to the jury. It would serve no useful purpose to extend this opinion by setting these instructions out at length. The instructions complained of under assignments five, seven and eight, are of no consequence as no objections were presented to the trial court as required by rule 51, Sec. 21-1019; while the instruction attacked in assignment six is incorrectly quoted from that actually given by the court. Considered as a whole (as they must be under the decisions of this court), the instructions fairly and correctly declare the

law on the issues here involved. Inspiration Consol. Copper Co. v. Lindley, 20 Ariz. 95, 177 P. 24; Southern Arizona Freight Lines v. Jackson, 48 Ariz. 509, 63 P.2d 193. Had counsel for defendant desired certain phases of the instructions elaborated upon or other features covered, it was his duty to have presented such additional instructions to the court. Having failed to do so he cannot now be heard to complain.

Finding no reversible error, the judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.