210 P.2d 335

PORTERFIELD et al. v. BLACK BILL & DONEY PARKS WATER USERS' ASS'N.

No. 5059.

Supreme Court of Arizona.

Oct. 3, 1949.

Mangum & Flick, of Flagstaff, for appellants.

F. M. Gold, of Flagstaff, Urban R. Miller, of Williams, for appellee.

PHELPS, Justice.

Porterfield and others, hereinafter referred to as plaintiffs, brought this action in the Superior Court of Coconino County, Arizona, on behalf of themselves and others similarly situated, against the Black Bill and Doney Parks Water Users Association, hereinafter referred to as the association, a corporation, seeking in the first cause of action (1) specific performance of an alleged contract between plaintiffs and other residents of the community which plaintiffs allege has been confirmed and ratified by the association; or (2) in the event that specific performance may not be had, that a constructive trust be declared in favor of plaintiffs and that the property of the association be impressed therewith; and in a second cause of action, plaintiffs seek a declaratory judgment under the provisions of sections 27-701 and 27-702, A.C.A.1939.

The association moved to dismiss the complaint upon the ground that the same does not state a claim. From an order and judgment of dismissal, an appeal has been taken to this court, the dismissal of said complaint being assigned as error.

The only question therefore for our consideration is: Does the complaint state a claim? Under the record before us, if either cause of action states a claim, the judgment and order of the trial court must be reversed.

We will now consider the first cause of action. This portion of the complaint we believe sufficiently alleges an agreement between all the bona fide residents of the Black Bill and Doney Parks community, including the plaintiffs, to engage in a joint adventure to develop a water supply and construct and maintain a reservoir and distribution system for the benefit of all the residents of that community and to form a corporation as the agency through which such purposes might be accomplished. It alleges in substance that through the joint efforts of all of said residents including plaintiffs, money was procured for the construction of the proposed water system including reservoirs and pipe lines upon the representation and understanding that it was for the benefit of all of the bona fide residents and not merely a few of them; that after the formation of the corporation all of the residents in said community mortgaged their property to an agency of the Federal Gov-

ernment to secure a loan of $15,000 to be used in the development of such water supply and system of distribution, and that a lien now exists against the property of plaintiffs and others similarly situated as security for the payment of such loan; that after the association was incorporated plaintiffs and all other residents of the community similarly situated contributed time, labor, and money in the construction of the reservoir and pipe lines of the association and that the association has appropriated said labor and money to its own use and has in writing and otherwise ratified and confirmed the agreement between plaintiffs and others in its articles of incorporation and in its by-laws; that the association has appropriated all of the available water supply in that area and that plaintiffs do not have an adequate remedy at law.

Rule 8(a), section 21-404, A.C.A. 1939, subsection 2 thereof, provides that a pleading which sets forth a claim for relief * * * shall contain: "a short and plain statement of the claim showing that the pleader is entitled to relief. * * *." Rule 8(e), section 21-408, subsection 1, provides that: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522.

It is our view that the allegations of the first cause of action not only fully comply with the above requirements but that they are sufficient to meet the requirements of our procedure before the adoption of the Federal rules of Civil Procedure, 28 U.S.C.A. In addition to the allegations relative to the agreement between all of the residents of the Black Bill and Doney Parks community to jointly undertake the development and maintenance of an adequate water supply for the bona fide residents of that community and the allegations that since the incorporation of the association, plaintiffs and others have contributed labor, time and money and have mortgaged their land to secure payment of a loan procured for the purpose of developing said water supply for distribution thereof to said residents, there is attached to said complaint as Exhibits A and B, the articles of incorporation and the by-laws of the association, each of which is made a part of the complaint.

The articles of incorporation, Article II thereof, provide among other things that the purpose of the corporation was: " * * * to participate in the establishment, maintenance and development of a *community water association* at Black Bill and Doney Parks, Coconino County, State of Arizona, *for the mutual benefit and rehabilitation of the members of the said community*, and to do and perform acts necessary, convenient, useful or incidental to the accomplishment of this purpose. * * *." (Emphasis supplied.)

Article V thereof provides that: "Any natural person who qualifies under the provisions hereinafter set forth in the By-

Laws of this association and is a *bona fide resident* of the community shall be eligible to membership in this association; * * *." (Emphasis supplied.)

The by-laws of said association, Article III, section 1 thereof, provide: "Any natural person, a bona fide resident or owner of real property in Black Bill and Doney Parks, and a person to whom the services of this association will be beneficial, may become a member of this association. * * *."

Section 2 of said Article III provides that: "Application for membership shall be on a form prepared by the Secretary of the association. · The Board of Directors shall determine the eligibility of the person for membership in this association."

The complaint alleges that plaintiffs and others similarly situated did make application in writing to the association on a form prepared by the secretary of the association for membership therein and that the same has been and now is refused and that a controversy has therefore arisen between plaintiffs and the association.

■ It is the contention of the association that under the provisions of the by-laws and under the authorities cited by it that the board of directors may accept or reject any person for membership whom they desire to accept or reject. The authorities cited by the association correctly state the law but they are diametrically opposed to the contentions of the association

tion here. For example, the association quoted from 14 C.J., section 1274, page 838 the following: "A corporation has incidental power to admit new members. *In the absence of charter or statutory restrictions, the matter is left wholly to its* determination. * * *" (Emphasis supplied.) See also 18 C.J.S., Corporations § 478.

■ Again counsel quotes from 12 Fletcher Cyclopedia Corporations, page 971, Paragraph 5687, as follows: *"Membership in Corporations—Power to Admit or to Exclude from Membership. In the absence of restrictions in its charter, a corporation has the implied or incidental power to admit new members. * * * In the absence of charter or statutory restrictions, a corporation may determine who shall be admitted to membership, and how they shall be admitted. * * *."* (Emphasis supplied.)

Counsel further quotes from Fletcher at page 981, section 5691: *"In order that membership may be acquired in a nonstock corporation, the provisions of its charter, constitution and valid by-laws must be complied with, except in so far as they may be and are waived. * * *."* (Emphasis supplied.)

From the case of American Live-Stock Commission Co. v. Chicago Live-Stock Exchange et al., 143 Ill. 210, 32 N.E. 274, 278, 18 L.R.A. 190, 36 Am.St.Rep. 385, the association quotes the following extract:

"The exchange is a corporation having rules or by-laws determining the qualifica-

tions for membership, and prescribing the mode in which members may be admitted * * *.

"Said association had an undoubted right to adopt this rule, and, as it prescribes the mode, and the only mode, in which membership in the exchange can be obtained, no one can justly claim to be a member who has not been admitted in the mode thus prescribed. * * *."

The case of Chapman et al. v. American Legion, et al., 244 Ala. 553, 14 So.2d 225, 147 A.L.R. 585, is not in point. The American Legion was incorporated by an act of Congress. The charter prescribed who should not be a member of the Legion but did not undertake to prescribe who should be eligible to membership as did the charter in the case here under consideration.

It will be observed that the provisions of the charter are more restrictive than the by-laws with respect to eligibility for membership. The charter provides that to be eligible, one must be a bona fide resident of the community. The by-laws provide that to be eligible one must be either a bona fide resident or owner of real property in Black Bill and Doney Parks (which means the same thing as community), and that the service of the association must be beneficial to such person.

■ The charter expressly provides that said person must qualify under the provisions of the by-laws. There is no issue here as to the bona fides of the residence of any of the parties to this litigation which makes the difference in the charter and by-laws immaterial. But for the guidance of the trial court if such issue should hereafter arise, we hold that to be eligible for membership in the association, the applicant must be a natural person, a bona fide resident of the community, and a person to whom the services of the association will be beneficial.

■ The provisions of the charter and by-laws prescribing the eligibility for membership must be considered together. However, where the charter is more restrictive in its requirements than the by-laws it is elemental that the charter provisions shall prevail.

In the instant case, the articles of incorporation and the by-laws set up the standard by which the board of directors shall determine whether an applicant is eligible for membership in the association. That standard is clear and unambiguous and is to the effect that if a natural person is a bona fide resident of the community, and is a person to whom the services of the association will be beneficial, he is eligible to be admitted to membership in said association upon making an application in writing therefor upon the form prepared by the secretary of the association. The authority vested in the board of directors is merely to determine whether the applicant possesses the qualifications prescribed in the constitution and by-laws of the association. If he does it is mandatory

upon the board to admit him to membership. If he does not, he is not entitled to such membership.

■ It is further contended by the association that plaintiffs have an adequate remedy at law by suing for a recovery of moneys and labor expended and that specific performance will not lie to compel admission to membership in said association.

The answer to such contention is that plaintiffs claim to be bona fide residents of the Black Bill and Doney Parks community which stands undenied. They have by choice established their homes there. It may be for health purposes or it may be that the location is convenient to their work constituting their sole means of livelihood. Whatever the reasons may be no one has the legal right to question their choice of location for a home and unless they are permitted to participate in the benefits of the water supply and distribution system they will be compelled to give up their homes and move elsewhere. Such a wrong cannot be measured in terms of dollars and cents. Membership in the association has a peculiar value to plaintiffs. A surrender of right to membership in said association would mean a surrender of all right to the use of domestic water in that community.

■■ The question of whether the association had ratified, adopted or accepted the benefit of the agreement between plaintiffs and other bona fide residents of the community prior to the incorporation of the association or whether plaintiffs had made contributions to the association since its organization which might indicate an acceptance of the benefits of said agreement, or whether there had been an express or implied agreement between plaintiffs and the association subsequent to its incorporation which had the effect of novating the previous agreement among all the residents of said community is a question of fact and plaintiffs had a right to present whatever evidence they had in relation thereto and to have the court determine whether the association was bound by the agreement among the parties to said joint adventure before the complaint was dismissed. If the association ratified or adopted said contract or accepted the benefits thereof it is bound by it. 13 Am.Jur., Corporations, sections 104, 105, 109.

■ There are a number of questions of law presented in this case which we do not believe necessary to consider at this time. We deem it sufficient to say that the complaint states a claim in both the first and second causes of action. The articles of incorporation have been held to constitute a contract between the stockholders and the corporation since the decision in the Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629. There is incorporated in the articles of incorporation and the by-laws of the association an offer to any bona fide resident to whom the services of the association will be beneficial the right to become a member of said association upon making application therefor in writing as pre-

scribed by the by-laws. That offer existed at the time plaintiffs and others made application in writing for admission to membership in the association. Plaintiff's application constituted an acceptance of the association's offer. Therefore we do have a written instrument to be interpreted by the court under the provisions of the declaratory judgment law, sections 27-701 and 27-702, supra, since a controversy has arisen concerning the rights of the respective parties in the premises. In arriving at this conclusion the court must of course presume as did the trial judge that the material allegations of the complaint are true.

The judgment and order of the lower court must be reversed and remanded for further proceedings, and it is so ordered.

LA PRADE, C. J., and UDALL, STANFORD, and DE CONCINI, JJ., concur.