245 P.2d 284

**REESE et al. v. DE MUND et al.**
No. 5471.

Supreme Court of Arizona.
June 16, 1952.

Robert R. Weaver, Phoenix, for appellants.

Lewis, Roca and Scoville, Jack Choisser, City Atty., Laurence H. Whitlow, Asst. City Atty., Phoenix, for appellees.

BARRY, Superior Court Judge.

This is an appeal from an order of the superior court dismissing the amended complaint of appellants, hereinafter called plaintiffs, and from a judgment entered pursuant thereto in favor of appellees, hereinafter called defendants. The motion to dismiss was based upon the ground that the complaint did not state a claim against defendants or either of them.

The complaint alleges in substance that plaintiff Reese is the owner of certain lots in Blocks 10, 11 and 13 of Naehr's Addition to the city of Phoenix; that plaintiff First National Life Insurance Company, a corporation, owns lots in Blocks 11 and 14, and that defendants DeMund own Block 12 thereof. Block 13 lies immediately south of Block 12. Block 11 lies immediately west of Block 12; Block 10 immediately west of Block 11, and Block 14 immediately south of Block 11, Washington Street runs east and west between Blocks 12 and 13, and Blocks 11 and 14.

The original plat of Neahr's Addition was recorded in the office of the county recorder of Maricopa County on March 6, 1880, and a resurvey thereof was recorded in said office on September 29, 1897. This plat dedicated to the public all streets and alleys therein, including an alley running east and west bisecting Blocks 10, 11, and 12, which was duly accepted by the city of Phoenix

That on or about May 10, 1950, the defendant Phoenix City Council enacted an ordinance which purported to abandon that portion of the above-described alley lying and being within the boundaries of Block 12, supra, and authorized and directed the city manager to convey the land lying within the boundaries of the alley to defendants DeMund, and that pursuant thereto such deed was executed and delivered to said defendants.

It is claimed in the first assignment of error that this conveyance is null and void for the reason that the abandonment and closing of such alley was not done for the public good or welfare nor connected in any manner therewith.

The first question to be determined under this assignment is whether or not plaintiffs are proper parties to raise such a question.

The courts have taken three different views with respect to the right of a property owner to object to a vacation of a street or alley described in a plat and

dedicated to public use. There is the "broad" view, sometimes called the "unity" rule, which is to the effect that all persons who have acquired land in the subdivision subsequent to its dedication and pursuant to the plat acquire a private easement in all of the streets and alleys shown on such plat. This rule has been explicitly rejected by the Supreme Court of Arizona in Thorne v. Clanton, 10 Ariz. 94, 85 P. 1061. There is also the "intermediate" view, sometimes called the "beneficial" or the "complete enjoyment" rule, which holds that the extent of the grantee's private right of user in streets and alleys shown on a plat, to which by reference his conveyance was made, is limited to such streets and alleys as are reasonably or materially beneficial to him, and of which the deprivation would reduce the value of his lot. This is the view adopted by this court in Thorpe v. Clanton, supra, and adhered to in the recent case of Drane v. Avery, 72 Ariz. 100, 231 P.2d 444. Besides these there is the "narrow" view, sometimes referred to as the "necessary" rule, that the private right of way of user accruing to a grantee, to whom the conveyance is made by reference to a map or plat on which the streets and alleys are laid out, is limited to the abutting street and such others as are necessary to give the grantee access to a public highway. With this last rule, impliedly disapproved by this court, we are not concerned.

■ If, therefore, plaintiffs, have any standing in court, it is by virtue of the so-called "intermediate" view, which as stated, is the doctrine adhered to in this state. The city council of the city of Phoenix in vacating and abandoning the alley in question acted in a legislative capacity, and the court cannot question the wisdom or discretion or advisability of its action except for fraud or other illegality or absence of jurisdiction to abandon.

The charter of the city of Phoenix, chapter IV, section 2, subparagraph 49, authorized the city council

"* * * by proper odinance or resolution to accept dedications of streets, avenues, alleys, public places, squares, parks and playgrounds, and vacate such dedication; to vacate and abandon and close up any street, avenue, alley, public square or place, park or playground, as in the judgment of the Council should be vacated and closed, and permit the closing of the same against public use; to make proper conveyance of such streets, avenues, alleys, grounds, parks and places to the persons entitled thereto, or make such disposition of the same as may be proper."

The ordinance abandoning the alley in question and directing the city manager to issue a deed to defendants DeMund recites in its preamble:

"Whereas, in the judgment of the City Council of the City of Phoenix it is to the best interests of the public

that all of that certain alley in Block 12, Neahr's Addition, an addition to the City of Phoenix, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, in Book 2 of Maps, Page 61 thereof, extending from the east line of 8th Avenue to the west line of 7th Avenue, be vacated and closed against the public use, and that the area of land so vacated be conveyed to the owners of the land adjacent thereto, reserving, however, to the City of Phoenix a right of ingress and egress to the sewer line thereunder."

■ It is the general rule, and the one recognized by both Thorpe v. Clanton, supra, and Drane v. Avery, supra, that in the absence of absolute illegality a property owner may not complain of the act of a municipality in abandoning a street unless he shows some special damage resulting to him from such action.

■ Therefore, in our opinion assignment of error number 1 is not well taken, as the action of the council was within its declared powers.

The second assignment of error is that the court erred in dismissing the amended complaint for the reason that it showed on its face that both plaintiffs and defendants DeMund and Worman or their predecessors acquired the properties with reference to the plats above mentioned, and that by reason thereof the plaintiffs are the owners of a private easement through the alley in Block 12, and that by the closing of said alley and the consequent loss of such private easement plaintiffs has suffered special damage, and for the further reason that the defendant city of Phoenix purported to vacate the alley and deed the same to defendants, DeMund without consideration either to the City or to plaintiffs.

The amended complaint alleges that plaintiffs have suffered special damage by reason of the vacation in that the sewer line which serves their property, together with their gas and utility lines, are located in the alley being abandoned, and also that their property has been, and is being depreciated in value because of the closing of the same. The question, therefore, before the court is whether or not this allegation standing alone is sufficient to entitle plaintiffs to be heard upon the merits in the action. This resolves the matter solely into a question of pleading; the specific question being whether or not the allegations of special damage are sufficient to bring plaintiffs within the purview of the "intermediate" view, as above set forth.

Section 21–404, A.C.A.1939, provides as follows:

"*Claims for relief.*—A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain

"(1) A short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it,

"(2) A short and plain statement of the claim showing that the pleader is entitled to relief, and

"(3) A demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded. (Rules Civ.Proc., Rule 8 (a))."

This section, being as above indicated Rule 8(a) of the Federal Rules of Civil Procedure, has been interpreted by the Federal courts numerous times, and such interpretations are, and have been, to say the least, persuasive upon the courts of Arizona.

In Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635, the court states as follows:

"Under Rule 8(a) * * * a plaintiff 'sets forth a claim for relief' when he makes 'a short and plain statement of the claim showing that the pleader is entitled to relief.' * * *."

In Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, 775, the court says that under the new rules of civil procedure:

"* * * there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief,' * * *."

In Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522, 523, the complaint contained a general charge of negligence without specification as to what the negligence consisted of. This court sustaining the lower court, stated as follows:

"* * * Had defendant actually been at a loss for sufficient information upon which to base his defense he properly could have made a motion before the trial court under rule 12(e), Section 21–433, for a more definite statement or for a bill of particulars."

In Porterfield v. Black Bill & Doney Parks Water Users' Ass'n, 69 Ariz. 110, 210 P.2d 335, the superior court of Coconino County dismissed the complaint upon motion of defendant. This court after setting forth the rule, approved of the doctrine of Kauffroath v. Wilbur, supra, and reversed the lower court.

If the defendants require further information in order to adequately prepare their defense to the allegations of "special damage" they may through the various provisions for discovery contained in the Civil Rules obtain such information. Plaintiffs, therefore, sufficiently alleged special

damage and should have been permitted to adduce their proof in support thereof. They should have been permitted to show the injury to their property rights by the acts of defendants, differing in kind from those possessed by the general public. Assignments 3 and 4 have no merit and we will not prolong this decision by discussing them.

For the reasons raised, however, by the second assignment of error, and in accordance with the rule in Thorpe v. Clanton, supra, the judgment must be reversed and the cause remanded to the lower court for the determination as an issue of fact whether or not plaintiffs have suffered special damages from the closing of the alley.

Judgment reversed.

UDALL, C. J., and PHELPS and DE CONCINI, JJ., concurring.

NOTE: Justice R. C. STANFORD, having disqualified, Superior Court Judge RALPH BARRY of Maricopa County was called to sit in his stead.

LA PRADE, Justice (specially concurring).

I reluctantly concur in the disposition made of this case. I agree with the principles of law enunciated by Judge Barry, speaking for the court. The city council had the legislative power to close the alley, and its judgment, or lack of it, cannot be questioned by this court, but by concurring in the opinion I do not want it understood that I approve of the council's action. Under guise of doing something for the betterment of the city, they have closed an alley in the heart of Phoenix dedicated for the use and benefit of all of its citizens and have given away land reasonably worth $10,000. I agree that they had the legal right to do it but I seriously question their judgment in so doing.