512 P.2d 596

**Joel APIGIAN, Appellant,**

v.

**Robert R. MILLS and Jeannine Mills,
his wife, Appellees.**

**No. 1 CA–CIV 1803.**

Court of Appeals of Arizona,
Division 1, Department A.

July 17, 1973.

Rehearing Denied Aug. 21, 1973.

Review Denied Oct. 2, 1973.

Raineri, Raineri & Raineri by Joseph C. Raineri, Sr., Scottsdale, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph E. Hunsaker, Phoenix, for appellees.

OGG, Judge.

This is an appeal by Joel Apigian, plaintiff, from a jury verdict in favor of Robert R. Mills, defendant, in a personal injury action arising from an automobile accident which occurred in Phoenix, Arizona. The evidence of plaintiff-appellant showed that defendant turned "suddenly" into his path. Defendant's testimony was that he made the turn when there was an adequate distance between their cars. Judgment was

rendered for the defendant in accordance with the verdict and a motion for a new trial by plaintiff was denied.

Plaintiff submits four questions for review: (1) refusal to instruct jury on credibility of a party in addition to the general instruction on the credibility of witnesses; (2) failure to set aside verdict when such was contrary to the weight of the evidence; (3) refusal to instruct jury affirmatively that plaintiff could recover even though contributorily negligent, and (4) instructing the jury that a party would be negligent as a matter of law if he violated ARS § 28–701, subsec. A. We will consider these contentions in the order submitted.

█ The plaintiff requested an instruction which would have told the jury they were ". . . not compelled to accept the uncorroborated testimony of a party to an action." The request was denied by the trial court because an instruction as to the credibility of all witnesses generally was given, MARJI 5:

"You are the sole judges of the credibility of witnesses. In determining the weight to be given to the testimony of any witness, you may take into account his ability and opportunity to observe, his memory, his manner while testifying, any motive or prejudice he may have, any inconsistent statements he may have made, and the credibility of his testimony considered in light of all the evidence in the case."

We cannot agree that as to this lawsuit it presented an issue separate and distinct from the issue of the credibility of witnesses generally and therefore would require a separate instruction. The Arizona courts have uniformly held that where the substance of a requested instruction has been covered by instructions given it is not error to refuse to give requested instructions. Tucson Utility Supplies, Inc. v. Gallagher, 102 Ariz. 499, 433 P.2d 629

(1967); The Travelers Indemnity Company v. Hudson, 15 Ariz.App. 371, 488 P.2d 1008 (1971).

█ Plaintiff next argues that the verdict was contrary to the weight of the evidence and should have been set aside by the trial court in the interests of justice. As to this question our Supreme Court has stated:

"This court is not the trier of the facts. It is of no moment that had we been the jury we might well have decided the other way. Assignments of error based upon the weight of evidence cannot be considered if there is any evidence to support the trial court's finding even though the weight of the evidence be against that finding." Kauffroath v. Wilbur, 66 Ariz. 152, 156, 185 P.2d 522, 524 (1947)

There is testimony in the record, some of which is corroborated by the plaintiff, which supports the jury verdict.

█ The plaintiff asserts error in the trial court's refusal to give the following instruction requested by him:

"If you should find upon a preponderance of the evidence, if any, that plaintiff was contributorily negligent and was injured as a proximate result of some negligent conduct on the part of a defendant, if any, you may find for the plaintiff, as under the Constitution of Arizona, both questions of law and questions of fact involved in the defense of contributory negligence, as well as the ultimate issue of the liability of the defendants, are matters solely for your decision as jurors."

He argues that this is the law of Arizona, citing Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962). In Layton, the Supreme Court announced the law of contributory negligence for Arizona in light of Article 18, § 5,[1] of our Constitution. In so doing, the court recommended the use of the word *should* in a contributory negligence

---

1. ARS Const. Art. 18, § 5:
   "The defense of contributory neglignce or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

instruction while reminding us that the jury must not be directed to find for defendant if plaintiff is also negligent.

In the case before us, MARJI Alternate No. 10 was given as the contributory negligence instruction:

"Contributory negligence means the failure to do an act which a reasonably prudent person would do or the doing of an act which a reasonably prudent person would not do under the same or similar circumstances to protect himself from bodily injury.

If the conduct of both Plaintiff and Defendant was negligent, and if the negligent conduct of each considered separately was a proximate cause of this accident, it is immaterial who was more negligent. In such a case, the Plaintiff should not recover."

We realize the "may," "must," and "should" semantics game of Layton v. Rocha, supra, has caused many problems in the contributory negligence field, but the basic concept of this instruction has been upheld in a long line of cases. Kelch v. Courson, 103 Ariz. 576, 447 P.2d 550 (1968); Evans v. Pickett, 102 Ariz. 393, 430 P.2d 413 (1967); Ruiz v. Faulkner, 12 Ariz. App. 352, 470 P.2d 500 (1970). We are aware that the Arizona Supreme Court in a recent well-reasoned case of Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970), has also indicated some disenchantment with certain contributory negligence instructions now in vogue in this state. The particular MARJI Alternate No. 10 with which we are concerned was not an issue in the Heimke case. We note that the new proposed Uniform Civil Jury Instruction, Negligence 5, should be helpful in this difficult field for it attempts to incorporate the dictates of Layton and Heimke into language a jury can understand. See also Winchester v. Palko, 18 Ariz.App. 534, 504 P.2d 65 (1972).

■ Plaintiff was merely asking the trial court to expand on the MARJI Alternate No. 10 Contributory Negligence Instruction which was given. The clear weight of authority in Arizona is that there is no error in refusing a requested instruction when the contents of the instruction are substantially covered in others. This maxim applies here. Appellant may not argue his case in the instruction. Tucson Utility Supplies, Inc. v. Gallagher, supra; The Travelers Indemnity Company v. Hudson, supra.

Defendant-appellee requested MARJI 11 and included ARS § 28–701 subsec. A, the reasonable speed statute. Appellant objected to this instruction because there was no evidence in the record to indicate that plaintiff's speed was not reasonable and because subsection E of ARS § 28–701 did not accompany the instruction.

The Supreme Court has announced that ". . . in determining whether an instruction is justified, we must consider the evidence in the strongest possible manner in support of the theory of the party asking the instruction." Webb v. Harden, 53 Ariz. 310, 316, 89 P.2d 30, 32 (1939). See also Towers v. Johnson, 11 Ariz.App. 455, 465 P.2d 592 (1970).

■ Defendant's evidence is that, although the plaintiff was traveling within the speed limit, he did not stop in time to avoid the accident. The defendant also presented evidence that the plaintiff had more than enough time and distance to stop had he chosen to apply his brakes. While defendant did not establish the exact distance plaintiff traveled after seeing defendant's car, we are constrained to affirm the giving of the instruction because of the mathematical possibility of his calculation. If we consider his evidence in the "strongest possible manner," it is sufficient to support the instruction.

The judgment is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.