539 P.2d 549

**Joe RAY and Billie Lee Ray, his wife, Appellants,**

**v.**

**Billy STARR and Katye Starr, husband and wife, Appellees.**

**No. I CA–CIV 2206.**

Court of Appeals of Arizona,
Division 1,
Department C.

Aug. 28, 1975.

Rehearing Denied Oct. 1, 1975.
Review Denied Nov. 4, 1975.

**436**

Langerman, Begam, Lewis, Leonard & Marks, by Samuel Langerman, Kenneth P. Clancy, Phoenix, for appellants.

Burch, Cracchiolo, Levie, Buyer & Weyl, by Kenneth C. Weyl and Barry A. MacBan, Phoenix, for appellees.

## OPINION

WREN, Judge.

The appellant, Joe Ray (Ray) brought an action against the appellee, Billy Starr (Starr), to recover damages for personal injuries sustained in an automobile collision between a car driven by Starr, and a car driven by one Joyce Burns. Ray was a passenger in Starr's vehicle.

The accident took place in the late afternoon on May 1, 1971, near the intersection of 16th Street and Broadway Road in Phoenix. Starr had been proceeding in a westerly direction on Broadway, approaching the intersection at 16th Street. When he arrived at the intersection, he turned right and started north on 16th Street. Just after turning, a collision occurred when Starr's vehicle was struck from the rear by the Burns' car, which had been proceeding north on 16th Street.

Ray alleged that Starr had been negligent in operating his vehicle so as to be a cause of the collision. After trial to a jury, a verdict was returned in favor of Starr and judgment was entered in accordance therewith. Ray's motion for a new trial was denied, whereupon Ray brought this appeal.

■ Ray's primary contention is that the physical evidence conclusively demonstrates that Starr was statutorily negligent and accordingly, the trial court erred in refusing to direct the jury to find Starr negligent per se. Ray points to the following facts in support of his argument. There were two lanes of north-bound traffic on 16th Street in the area of the collision. Debris on the road as well as skid and scuff marks all indicated that the collision occurred in the lane nearest the centerline. Specifically, the point of impact was determined as being approximately in the middle of the lane nearest the centerline, forty-one feet north of the intersection of Broadway and 16th Street.

Based on these facts, Ray contends that Starr violated either A.R.S. § 28–751(1) pertaining to the making of right turns, or A.R.S. § 28–729(1) pertaining to changing lanes.

A.R.S. § 28–751 provides:

"The driver of a vehicle intending to turn at an intersection shall do so as follows:

    1. Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."

A.R.S. § 28–729(1) provides:

"A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety."

Specifically stated, Ray contends that the physical evidence establishes that one of the following events occurred: (1) Starr made his turn into the left lane, thereby violating § 28–751; or (2) Starr turned into the left lane right in front of the Burns' vehicle, thereby violating § 28–729(1).

It is our opinion that the evidence would support a conclusion that neither of the two statutes were violated by Starr. There was no physical evidence indicating the path of Starr's car prior to the collision. The only evidence we find with respect to such path is exhibit 26, which is a freehand diagram of the accident location, upon which Starr drew the path of his car as it turned onto 16th Street. We construe the diagram as showing Starr making the turn in the right lane and then going partially into the left lane. We believe that from this evidence, one could conclude that Starr made his right turn in compliance with § 28–751(1), and then proceeded to change lanes.

In addition, we find evidence showing that the lane change maneuver could well have been made in compliance with § 28–729(1). Testimony was elicited from two witnesses, Ferdinand and Florence Besner, which indicated that the Burns' vehicle ran a red light at the intersection. The Besners had been proceeding north on 16th Street. As they approached Broadway, the traffic light turned yellow and they stopped for the red light. According to Mrs. Besner, while stopped at the intersection, and as she was watching the red light, the Burns' vehicle passed on the right at a speed she estimated at sixty-five to seventy miles per hour. Similarly, Mr. Besner, who had not been watching the red light, estimated the speed of the Burn's vehicle as being between sixty and sixty-five miles per hour as it crossed Broadway. Police Officer Lowell Hicks, an accident reconstruction expert, estimated Burns' speed at approximately forty miles per hour. According to Hicks, at that speed, the Burns' car would have been some thirty-nine to eighty-nine feet south of the intersection when Starr started to make his turn, and even farther back, assuming the possibility that Burns was traveling at a greater speed. Hicks estimated that the Starr vehicle was doing approximately fifteen miles per hour at the point of impact.

It is clear that Starr had a right to act on the assumption that Burns would obey the law and stop at the red light, until he had, or reasonably should have had, knowledge to the contrary. *See Henderson v. Breesman,* 77 Ariz. 256, 269 P.2d 1059 (1954); *Nichols v. City of Phoenix,* 68 Ariz. 124, 202 P.2d 201 (1949). It is for this reason that the speeds and distances of the respective vehicles when the possible lane change was made were critical elements in determining whether the maneuver was safely done. This must also be considered along with evidence indicating that Starr never ascertained the existence of any vehicles traveling north on 16th Street before making his right turn. Starr testified that as he approached the intersection there was a car on his left which obstructed his view southward on 16th Street. He stated that since the light was green and the car next to him was proceeding onward into the intersection, he went ahead and made his right turn.

We are unable to say on the evidence presented, that as a matter of law Starr failed to exercise reasonable care in changing lanes. We believe the evidence would support a contrary conclusion and accordingly, we find no error in the trial court's refusal to find Starr negligent per se.

Ray additionally asserts that the trial court erred in refusing to give four separate instructions he had requested. According to Ray, the purpose of these requested instructions was to advise the jury that Starr had a continuing duty to exercise care even though he had a green light. Starr contends that the proffered instructions were properly refused as being covered by MARJI (Civil) No. 21 which stated as follows:

> "A driver may assume that another motorist will proceed in a lawful manner and obey the laws of the road. He may act on that assumption unless it would become apparent to him, acting as a rea-

sonably prudent or careful person, that the other motorist is not going to comply with the laws of the road.

"All drivers have a continuing duty to make that degree of observation which a reasonably prudent or careful person would make under similar circumstances."

In our opinion, the substance of Ray's requested instructions was encompassed within the foregoing quoted instruction, and fairly apprised the jury of the governing law of the case. We find no error. *See Gibbons v. Williams,* 93 Ariz. 116, 378 P.2d 926 (1963); *Apigian v. Mills,* 20 Ariz.App. 292, 512 P.2d 596 (1973).

Similarly, for the same reason, we find no error in the trial court's refusal to give Ray's requested instruction on proximate cause. *Gibbons, supra, Apigian, supra.*

■ Ray has made various other assignments of error occurring during the trial proceedings. These were not objected to at the time of trial and accordingly, they will not be considered for the first time on appeal. *Brooker v. Canny,* 103 Ariz. 529, 446 P.2d 929 (1968); *Zakroff v. May,* 8 Ariz.App. 101, 443 P.2d 916 (1968).

The judgment is affirmed.

NELSON, P. J., and FROEB, V. C. J., concurring.